ALLEN, J.,
delivered the opinion of the Court.
The Court is of opinion, that as by the contract between David Watts and James B. Wilson, the former was only bound to make a deed for the land upon the payment of the purchase money, it would have been competent for the vendor at any time whilst he retained the legal title as a security for the payment of the purchase money, to have filed a bill for the specific execution of the contract; and to subject the land to sale, for the purchase money in arrear; and this right in equity, under such circumstances, could not be affected by any lapse of time, short of the period sufficient to raise the presumption of payment; whatever might be the operation of the statute of limitations in an action at law brought to recover the purchase money. The Court is further of opinion, that it was competent for the assignee for value of the note given for the purchase money, by a bill against his assignor, the vendor, and the vendee, to enforce the specific execution of the contract, in a case proper for such relief, for his benefit, and to obtain satisfaction of the amount due to him by subjecting the land to sale for the payment thereof. And it appearing from the papers in the cause, that the defendant Watts, as to whom the bill was taken for confessed, has complied with the contract on his part, by executing and acknowledging a deed for the land sold, to be delivered to the vendee on his paying the purchase money; and the ^affirmative allegations of the answer, that the deed is not in pursuance of the contract, being unsupported by proof, the Court on the hearing, under the -prayer for general relief, should have decreed a specific execution of the contract, instead of dismissing the bill with costs. It is therefore considered that said decree is erroneous, and should be reversed with costs.
And this Court proceeding, &c. doth adjudge, order and decree, that the plaintiff recover of the said James B. Wilson, the sum of 154 dollars 34 cents, with interest thereon from the 5th day of November 1838, until paid, and his costs by him about the prosecution of his suit in this behalf expended ; and upon the payment of said debt, interest and costs, it is further ordered that the clerk do deliver to the said James B. Wilson, the original deed filed as an exhibit with the bill, retaining a certified copy thereof to be filed with the papers'in the cause. And it is further adjudged, ordered and decreed, that unless the said- J, B. Wilson shall pay to the plaintiff the debt, interest and costs aforesaid, within sixty days after the entering of this decree, the sheriff of Greenbrier county after advertis *628 ing the time and place of sale by advertisement published, &c., and posted, &c., for four..weeks successively, do proceed before the courthouse of said county, on some court day, to sell said land in said deed described, upon a credit of six and twelve months, - taking from the purchaser bond and security, and retaining a lien on the land for the security of the purchase money; and report his proceedings in order to a final decree.
SPECIFIC PERFORMANCE.
I. Definition.
II. Nature of Remedy.
A. Discretionary Character.
1. In General.
2. Discretion Not Arbitrary or Capricious.
3. Controlled by Rigorous Rules and Limitations.
4. when a Matter of Course.
B. Similarity to Rescission.
C. Election of Remedies.
1.judgment at Law for Damages Bar to Bill by .. Defendant.
2.. Legal Remedy Barred by Limitation.
III.’- Contracts- Relating to Land.
A.Formation of Contract.
, B. Either Party May Sue.
. C. Rules Governing Their Enforcement.
1. In General.
2.'Title.
a.. In General.
b. Encumbrances.
c. Litigious or Clouded Title.
d. By Terms of Sale Vendee May Examine
Title.
e.. Vendee Cognizant of Defect.
,f. Long Possession by Vendee.
:g. Title to Portion Bad.
h. when Title May Be Made.
(i)In General.
(2). Before Report on Title.
.(3) Before Decree.
(4) Reasonable Time to Perfect Title.
(5) Time as Essence of Contracts,
i.Appellate Practice.
3. Contract Must Identify Land.
D. Agreements to Devise.
E. Contracts of Exchange.
F. Parol Contracts Relating to Land — Statute of Frauds.
1. In General.
2. Signing.
a. Effect of Taking Possession.
3. Parol Agreements to Devise.
4. Part Performance.
5. Proof of Contract.
6. Memorandum.
7. Possession.
ÍS. Parol Gifts.
a. Promise by Father to Child.
(1) In General.
(2) .Parol Promises by Others Than Parents.
(3) Evidence.
G. Agreements to Make Lease.
H. Illegal Contracts.
I. Subsequent Purchase of Land with Notice.
IV.Contracts Relating to Personal Property.
A.In General.
B. Contracts for Sale of Slaves.
.C. Contracts for Delivery of Shares of Stock.
V. Contracts Calling for Personal Conduct.
A. Agreements to Build or Repair.
B. Agreements to Arbitrate.
C. Awards.
D. Agreements to Insure.
E. Contracts of Service.
VI. Essentials to an Enforceable Contract.
A. In General.
B. Certainty.
C. Completeness.
1.Arbitrating the Price.
D. Assent.
E. Mutuality.
1. Contract to Convey Wife’s Land.
F. Fairness.
1. Fraud.
2. Hardship.
3. Change of Circumstances.
a. Change in Value of Subject-Matter.
(1) Land Depreciated in Value.
G. Complainant Must Be Ready, Desirous, Prompt and Eager.
H. Consideration.
1.Inadequacy of Consideration.
I. Waiver and Abandonment.
J. Rescission.
K. Merger.
VII. Duty of Complainant.
A. Tender of Deed with Bill.
VIII. Pleading and Practice.
A. Jurisdiction.
1. Adequate Remedy at Law.
2. Decree Must Be Enforceable by Ordinary
Processes of Court.
3. Penalty or Forfeiture.
4. Test of Jurisdiction in Respect to Personal
Covenants.
5. Jurisdiction to Enforce Award.
6. Conveyance of Lands in Another State.
7. Personal Decree against Foreign Corporation.
B. Parties.
1. In General.
2. Necessary and Proper Parties.
3. unnecessary and Improper Parties.
4. Privies.
5. Who May Maintain Suit.
6. Joinder.
C. Bill.
1. In General.
2. Contracts with Agents.
3. Averments of Ability or Willingness to Pay.
4. Contracts for Sale of Personalty.
5. Consideration.
6. Statute of Frauds.
7. Demand.
a. May Be Set Up in Answer to Bill for Partition.
8. Plaintiff’s Title.
9. Defendant’s Ability to Perform.
10. Variance.
a. Election between Enforcement or Rescission.
11. Amendments.
D. Reference to Ascertain Title.
E. Decree.
1. Retaining Jurisdiction to Do Complete Equity.
2. Entire Contract as Made by Parties Enforced.
3. Decree Requiring Operation of Leased Road
Includes Branch.
4. Sale of Land to Raise Purchase Money.
5. Damages in Lieu of Specific Performance.
a. In General.
b. Power Ancillary — Assessment of Damages.
*629 6. Damages in Addition to Specific Performance,
a. Compensation.
(1) Compensation for Deficiency.
7. Alternative and Conditional Decrees.
8. Decree Must Conform to Pleadings and Proof.
9. Prayer for Relief.
10. Performance of Decree.
11. Costs.
IX. Evidence.
Cross References to Monographic Notes.
Laches, appended to Peers v. Barnett, 12 Gratt. 410.
Multifariousness, appended to Sheldon v. Arm-stead, 7 Gratt. 264.
Husband and Wife, appended to Cleland v. Watson, 10 Gratt. 159.
I. DEFINITION.
Specific performance is an equitable remedy, which compels the performance of a contract in the precise terms agreed upon, or such a substantial per. formance as will do justice between the parties under the circumstances of the case. Bison v. New-berry, 90 Ya. 518, 18 S. E. Rep. 916, citing 22 Am. & Eng. Enc. Law (1st Ed.) 909.
II. NATURE OF REMEDY.
A.DISCRETIONARY CHARACTER.
1. In General — Specific performance of contracts is not a matter of right in either party. It does not proceed ex debito justitiai, but it is a matter of sound judicial discretion in the court; not indeed an arbitrary or capricious discretion dependent upon the mere pleasure of the court, but of that sound and reasonable discretion which governs itself, as far as it may by general rules and principles, but at the same time which grants or withholds relief according to the circumstances of each particular case where these general rules and principles will not furnish any exact measure of justice between the parties. Abbott v. L’Hommedieu, 10 W. Va. 677 ; W. Va. O. & O. L. Co. v. Vinal, 14 W. Va. 689; Lowry v. Buffington, 6 W. Va. 249; Conaway v. Sweeney, 24 W. Va. 643; Rader v. Neal, 13 W. Va. 374 ; Campbell v. Fetterman, 20 W. Va. 398; Bison v. Newberry, 90 Va. 513, 18 S. E. Rep. 916 ; Edichal Bullion Co. v. Columbia Gold Mining Co., 87 Va. 641,13 S. E. Rep. 100 ; Ford v. Euker, 86 Va. 75, 9 S. E. Rep. 500; Chilhowie Iron Co. v. Gardiner, 79 Va. 309; Shen. Val. R. R. Co. v. Lewis, 76 Va. 835, 12 Am. & Eng. R. Cas. 305 ; Stearns v. Beckham, 31 Gratt. 379; Hale v. Wilkinson, 21 Gratt. 75; Rockecharlie v. Rockecharlie, 2 Va. Dec. 582; Gish v. Jamison, 96 Va. 312, 31 S. E. Rep. 521 ; Darling v. Cumming, 92 Va. 521, 23 S. E. Rep. 880; Fennybacker v. Maupin, 96 Va. 461, 31 S. E. Rep. 607 ; Cox v. Cox. 26 Gratt. 305 ; Powell v. Berry, 91 Va, 568. 22 S. E. Rep. 365 ; Halsey v. Monteiro, 92 Va. 581, 24 S. E. Rep. 258 ; Augsburg Land & Imp. Co. v. Pepper, 95 Va. 92, 27 S. E. Rep. 807 ; Smith v. Henkel, 81 Va. 524.
In suits for specific performance of contracts the courts have and exercise a wide discretion. Barks-dale v. Hendree, 2 P. & H. 43.
2. Discretion Not Arbitrary or Capricious.— Every bill filed in a court of equity for the specific execution of a contract in relation to lands, calls for the exercise of the extraordinary jurisdiction of equity, and is an application to the sound discretion of the court. It is not a case requiring the interposition of the court ex debito justitim, but rests in the sound discretion of the court, upon all the circumstances.
But the discretion which may be exercised in this class of cases is not an arbitrary or capricious one, depending upon the mere pleasure of the court, but one which is controlled by the established doctrines and settled principles of equity. West Virginia O. & O. L. Co. v. Vinal, 14 W. Va. 639 ; Pigg v. Corder, 12 Leigh 76; McComas v. Easley, 21 Gratt. 23; Bowles v. Woodson, 6 Gratt. 78; Skipwith v. Strother, 3 Rand. 215, opinion by Carr, J. See also, opinion of Carr, J., in Thompson v. Jackson, 3 Rand. 504.
3. Controlled by Rigorous Rules and Limitations. — But the doctrine, that a bill in equity for the specific execution of a contract rests in the sound discretion of the court in view of the facts and circumstances and does not require its interposition ex debito justiticn, has a very limited application in modern courts of equity. The rules and limitations which govern such courts are no less rigorous and definite than those governing courts of law. Ballard v. Ballard, 25 W. Va. 471.
4. When a Matter of Course. — Generally where a contract respecting real property is in its nature and circumstances unobjectionable, it is as much a matter of course for courts of equity to decree specific performance of it, as it is for a court of law to give damages for a breach of it. But the court of equity may under certain circumstances, refuse its aid and leave the parties to their legal remedies, or it may rescind the contract and place the parties in statu quo. West Virginia O. & O. L. Co. v. Vinal, 14 W. Va. 639 ; Abbott v. L’Hommedieu, 10 W. Va. 677 ; Bowles v. Woodson, 6 Gratt. 78 ; McComas v. Easley, 21 Gratt. 31; Conaway v. Sweeney, 24 W. Va. 643 ; Ballard v. Ballard, 25 W. Va. 470 ; Rader v. Neal, 13 W. Va. 374 ; Stearns v. Beckham, 31 Gratt. 379 ; Shenandoah Val. R. Co. v. Lewis, 76 Va. 833, 12 Am. & Eng. R. Cas. 305 ; Campbell v. Fetterman, 20 W. Va. 398 ; Hale v. Wilkinson, 21 Gratt 75.
B. SIMILARITY TO RESCISSION. — Applications lor specific performance of contracts like applications for rescission are addressed to the sound discretion of the court. Both are often refused, and the parties left to their remedies at law. Clarke v. Ferry, 77 Va. 397 ; Powell v. Berry, 91 Va. 568, 22 S. E. Rep. 365.
A court of equity will refuse to rescind a contract, in many cases where it would also refuse to decree a specific performance. Thompson v. Jackson, 3 Rand. 504.
C. ELECTION OF REMEDIES.
1. Judgment at Law for damages Bar to Bill by Defendant. — After an action at common law has been brought to recover damages for breach of contract, the defendant has no right to file a bill in equity to compel the plaintiff to accept a specific performance ; unless some particular grounds of equity exist on his behalf, excusing and relieving against such breach, and showing that the contract ought nevertheless, to be specifically enforced. Long v. Colston, 1 H. & M. 110. See also, Heywood v. Covington, 4 Leigh 373.
In Moore v. Fitz Randolph, 6 Leigh 175, 29 Am. Dec. 208, the court by Carr, J., said: “The ground on which equity first assumed the power of giving specific performance of contracts, was (we are told) to aid the defective remedy of the common law. A man bought a tract of land; it pleased his taste, and he wanted it for a residence; after he had paid his money, the vendor changed his mind, refused a title, and the vendee could only sue at law for the money he had paid: equity said, this is not justice; *630 if the vendee wants the land, he shall have it in specie. Having gone thus far, the courts, on the ground of reciprocity, went a step further, and said, that the vendor also should have their aid, if the vendee refused to execute the contract. But they did not say, and could not say, that a vendor might break his covenant, suffer a suit on it at law, take his chance of defence there, and when judgment was recovered against him, begin a new race in equity for a specific execution.”
In Long v. Colston, 1 H. & M. 110. Long considering that Colston had broken his covenant, sued on it at law. Instead of defending himself there, Colston filed a bill offering a specific execution, and praying that the whole matter might be transferred into equity. The chancellor entertained his bill, enjoined the proceeding at law, and finally gave him the relief he asked, on the broad ground, that in cases proper for specific execution though the party grieved may have elected to proceed at law for damages, yet a¡3 he might have resorted to equity for a specific performance, and as in equity remedies ought to be reciprocal, the aggrieving party may compel him to abandon his commoñ-law remedy, and hold him down to a remedy for specific performance.
Illustration of Rule. — For example, after recovery by the vendee for the breach of a covenant to convey, against the administrators of a deceased vendor, it is too late for the latter to maintain a bill against such vendee and the heirs of the vendor for specific performance. Moore v. Fitz Randolph, 6 Leigh 175, 29 Am. Dec. 208.
Ejectment to Establish Title No Bar. — Ejectment by a vendor against his vendee who is in possession under another title, in order to establish the vendor’s title, and recovery, will be no bar to a specific performance at the suit of the vendor. Carrington v. Otis, 4 Gratt 235.
2. Legal Remedy Barred by Limitation. — Under certain circumstances, equity may grant relief even though the statute of limitations may have barred the legal remedy. Norman v. Bennett, 32 W. Va. 614, 9 S. E. Rep. 914.
HI. CONTRACTS RELATING TO LAND,
“A contract for land, may be specifically executed in chancery, because each piece of land has avalué, arising from its local situation, and circumstances peculiar to itself; especially in relation to particular persons. Damages can only be given, at law, to the amount of the market value of the property, or the value which any person wishing to purchase land, without regard to the peculiar advantages of the particular tract, in relation to his own particular views, would put upon it. And, therefore, such damages, in general, would not bé an adequate compensation to the disappointed party. In like manner, damages given to the vendor of land for the failure to perform the contract, would, in general, be an inadequate compensation to him. ” Allen v. Freeland, 3 Rand. 175, opinion of Green, J. See Moore v. Fitz Randolph, 6 Leigh 175, 187, 29 Am. Dec. 208, opinion of CARR, J.
A.FORMATION OF CONTRACT — Where the owner signs and seals a written proposal to sell land therein described for a consideration therein named, one-half thereof to be paid in cash and the remainder in nine months, the deed to be made when the cash payment is made, subject to the condition that the vendee shall have thirty days in which to elect whether he will purchase, upon the vendee’s electing to purchase, and giving notice, within that time an executory contract is formed, with mutual obligations on the parties as in other contracts, the performance of which will be specifically enforced. Clark v. Gordon, 35 W. Va. 735, 14 S. E. Rep. 255.
B. EITHER PARTY MAY SUE. — Either party to a written contract for the sale of land may have the same specifically enforced in a court of equity with such corrections in it, as parol proof may show to be necessary to correct a mistake made in reducing the contract to writing. Fishack v. Ball, 34 W. Va. 644, 12 S. E. Rep. 856; Creigh v. Boggs, 19 W. Va. 240; Norman v. Bennett, 32 W. Va. 614, 9 S. E. Rep. 914.
Be.fore such correction and enforcement can be made, however, the proof must be-strong, clear, and preponderating, and, in the absence of fraud, must prove that the mistake was mutual. Fishack v. Ball, 34 W. Va. 644, 12 S. E. Rep. 850. See also, Allen v. Yeater, 17 W. Va. 128.
C. RULES GOVERNING THEIR ENFORCEMENT.
1. In General. — The rules for decreeing specific performance of contracts for the sale of real estate were stated as follows by Lacy, J., in Dunsmore v. Lyle, 87 Va. 391, 12. S. E. Rep. 610: "The principles upon which courts of equity decree specific performance of contracts for the sale of real estate are well understood and familiar to the profession, yet it will be convenient, in the view we have taken of this case, to briefly recur to first principles; and we will remark that it is one of the principles of equity that it looks upon things agreed to be done as actually performed; and, consequently, as soon as a valid contract is made for the sale of an estate equity considers the buyer as the owner of the land, and theseller as a trustee for him; and, ontheother hand, it considers the seller as the owner of the money, and the buyer as a trustee for him. And when a contract has been made, and either party refuses to perform the agreement, equity enforces the performance of the contract specifically, by compelling the refractory party to fulfil his engagement according to its terms. Thus, if the vendor refuses to convey, equity will decree a conveyance, and attach him until he makes it.
“All applications to the court to compel specific performance, however, are addressed to the discretion of the court — a sound judicial discretion, regulated by the established principles of the court, — and the contract must not only be distinctly proved, but it must be clearly and distinctly ascertained; it must be reasonable, certain, legal, mutual; upon valuable, or at least, meritorious consideration, and the party seeking specific performance must not have been backward, but ready, desirous, prompt and eager.
"While a purchaser, however, cannotbe compelled to take a defective title, but has a right to insist upon a clear legal title, on the other hand, though the vendor cannot make the title he contracts to make, yet he may be compelled to convey such title as he has, and to compensate for the defect; nor does it lie for him to object for the want of a complete title in him.
"The remedy of specific performance of a contract for the sale of real estate, to which it chiefly relates, falls within the influence of the statute of frauds, which declares void all contracts for land which are not reduced to writing and signed by the party sought to be charged.
“No proceedings in specific performance, can, of course, be had, unless it is shown that a contract *631 has actually been concluded. If the arrangement come to was in its nature merely honorary, or if the matter still rests in treaty, no specific performance can he granted. On the other hand, however, when the contract is embodied in a formal document. simultaneously entered into by both parties, little difficulty can occur as to whether the contract was concluded. But this Question frequently arises when a contract is alleged to have been constituted by the negotiations of the parties. If, however, it be only doubtful whether the contract was concluded, or still remained open, the court will refuse specific performance, and leave the parties to their rights at law.’*
These rules will receive a separate treatment further on in this note. See post, “Title,” and “Pa-rol Contracts Relating to Band-Statute of Frauds.”
Specific performance of a contract for the sale of real estate will be decreed when the contract is valid, unobjectionable in character, and capable of being enforced. Hoover v. Buck, 2 Va. Bee. 106.
2. Title.
a. In General. — It is well settled that a purchaser of land, at a private sale, will not be required to pay his purchase money and take in exchange therefor a defective or even doubtful title, and especially is this true whereAhe has contracted for a good and sufficient deed, which undertaking is not confined to the form of the deed, but includes a good title. Newberry v. French, 98 Va. 479, 36 S. E. Rep. 519 ; Garnett v. Macon, 6 Call 309, Fed. Cas. No. 5,245 ; Jackson v. Ligon, 3 Leigh 161; Christian v. Cabell, 22 Gratt. 82; Hendricks v. Gillespie, 25 Gratt. 181 ; Clark v. Hutzler, 96 Va. 78, 30 S. E. Rep. 467 ; Matney v. Ratliff, 96 Va. 231, 31 S. E. Rep. 512 ; Hess v. Rankin, 78 Va. 175; Edwards v. Van Bibber, 1 Leigh 183; Dunsmore v. Lyle, 87 Va. 391, 12 S. E. Rep. 610.
In Jackson v. Ligon, 3 Leigh 174, Judge Carr says’: “It is a principle laid down in many cases in equity, that an unwilling purchaser shall not be compelled to take a title with a cloud upon it; and that principle is assuredly strengthened here,'where the party has contracted for a good and lawful right.”
In Hendricks v. Gillespie, 25 Gratt. 181, Judge Anderson says: “A court of equity is anxious to protect a purchaser, and give to him reasonable security for his title ; not compelling him to take a title, not knowing whether it is good or bad, * * * * for it would be an extraordinary proceeding for a court of equity to compel a purchaser to take an estate which it cannot warrant to him. It has, therefore, become a settled and invariable rule, that a purchaser shall not be compelled to accept a doubtful title. Nor will he be forced to take an equitable title.”
The considerations which control a coart of equity when asked by a vendor to decree specific performance of a contract for the purchase of lands are well stated by Chief Justice Marshall, in Garnett v. Macon, 6 Call 308, Fed. Cas. No. 5,245, as follows : “Both on principle and authority, I think it very clear that a specific performance will not be decreed on the application of the vendor, unless his ability to make such a title as he has agreed to make, be unquestionable. * * * In a contract for the purchase of a fee-simple estate, if no incumbrance be communicated to the purchaser, or be known to him to exist, he must suppose himself to pur- ¡ chase an unincumbered estate, and a court of ; equity will not interpose its extraordinary power ■ of compelling a specific execution of the contract' unless the person demanding it can himself do all that it is incumbent on him to do. * * The objection is not entirely confined to cases of doubtful title. It applies to incumbrances of every description, which may, in any manner, embarrass the purchaser in the full and quiet enjoyment of his purchase.” Quoted in Clark v. Hutzler, 96 Va. 73, 30 S. E. Rep. 469, citing Bryan v. Lofftus, 1 Rob. 13 ; Christian v. Cabell, 22 Gratt. 82. This language has also been quoted with approval in Kenny v. Hoffman, 31 Gratt. 442; Hendricks v. Gillespie, 25 Gratt. 193 ; Christian v. Cabell, 22 Gratt. 82.
Reasonable Doubt. — -“It is well settled that a court of equity will not decree the specific execution of a contract on the application of the vendor if there be any reasonable doubt as to his ability to make such title as he contracted to make.” Matney v. Ratliff, 96 Va. 281, 31 S. E. Rep. 512.
Must Make Good Title. — Generally, a court of equity will not decree a specific execution of a contract for the sale of land, unless the vendor can make a good title. Middleton v. Selby, 19 W. Va. 168; Linkous v. Cooper, 2 W. Va. 67; Watts v. Kinney, 3 Leigh 272; Goddin v. Vaughn, 14 Gratt. 117; McCann v. Janes, 1 Rob. 256; Clarke v. Reins, 12 Gratt. 98.
Supposed Defect in Title. — Moreover, a purchaser entitled to a good title need not pay the purchase money until he gets a good title, and his right to compel specific performance will not be defeated by his declining to receive a deed and pay the purchase money, unless indemnified against a supposed defect in the title, plausible enough to cause a prudent man to hesitate, though turning out to constitute no defect. Watson v. Coast, 35 W. Va. 463, 14 S. E. Rep. 249; Clark v. Gordon, 35 W. Va. 735, 14 S. E. Rep. 255.
Purchaser under an Option. — Thus, a purchaser of land under an option, entitled to a good title need not pay the purchase money until he is tendered a good title. Clark v. Gordon, 35 W. Va. 735, 14 S. E. Rep. 255.
Must Show His Title to Be Good. — A vendor of real estate seeking to enforce specific performance of the contract of sale must not only have a good title, but he must show it. Griffin v. Cunningham, 19 Gratt. 571, and note.
But where the deed conveys a good, absolute title, the grantors are entitled to have specific execution of the contract of sale. Gish v. Moomaw, 89 Va. 345, 15 S. E. Rep. 868; Syme v. Johnston. 3 Call 558.
Ability to Hake Title Must Be Unquestionable.— Specific performance of a contract to sell land will not be decreed in favor of the vendor unless his ability to make a title be unquestionable. Thus, where executors sold a house and lot, the testator’s title to five-sixths being clear, but for the other sixth of which no deed could be found either in the clerk’s office or among the testator's papers, and the former owner being dead, her husband testified that she did make a deed of it, but there was doubt whether he was not mistaken as to the property conveyed, the purchaser was not required to complete the purchase. Griffin v. Cunningham, 19 Gratt. 571; Garnett v. Macon, 6 Call 308, Fed. Cas. No. 5,245.
False Description in Deed. — Specific performance of a contract for the sale of a real estate will not be decreed on the application of the vendor unless his ability to make such title as he contracted to make is unquestionable; but a false description in a deed in which the vendor claims does not cast a cloud upon his title if, after rejecting so much of the description as is false, there remains a sufficient de *632 scription to ascertain with legal certainty the subject-matter to which the deed applies. Clark v. Hutzler, 06 Va. 73, 30 S. E. Rep. 469; Garnett v. Macon. 6 Call 308, Fed. Cas. No. 5,245.
Contract to Sell by “Good and Sufficient Deed.”— where Complainant contracted to sell to defendant certain land by “good and sufficient deed,” and it appears that he had no title to the property, but only an equitable right, against which there were a large number of judgment liens, specific performance of the contract will not be granted, since defendant cannot be compelled to accept such a title. Newberry v. French, 98 Va. 479, 36 S. E. Rep. 519. See also, Christian v. Cabell, 22 Gratt. 82.
“There is certainly a difference between a defined and admitted charge, to which the purchase money may by consent be applied when it becomes due, and a contested charge, which will involve the purchaser, in an intricate and tedious lawsuit of uncertain duration.” Per Chief Justice Marshale. Garnett v. Macon, 2 Brock. 186, 6 Call 308, Fed. Cas. 5,245, approved in Christian v. Cabell, 22 Gratt. 82.
b.Encumbrances — On the other hand, a mere em-cumbrance on real estate is not sufficient to bar a suit for specific performance, either by the vendor or vendee, if the encumbrance may be readily removed without injury to either party by the application of the purchase money. Hudson v. Max Meadows Land & Imp. Co., 97 V. 341, 33 S. E. Rep. 586.
Contract to Convey by Unincumbered Title. — But where the defendant contracted to convey land by an unincumbered title, which condition the plaintiff has not waived, and the land is so incumbered with other property that it is impossible for the defendant to comply with the condition, specific performance should not be decreed. Hudson v. Max Meadows Land & Imp. Co., 99 Va. 537, 39 S. E. Rep. 215.
Taxes on Land Unpaid. — On the other hand, as a vendee of the land has the right to apply his purchase money towards the payment of taxes on the land, the fact that the taxes for the current year in which the property is sold have not been paid is not a valid objection to the title. Clark v. Hutzler, 96 Va. 73, 30 S. E. Rep. 469.
Encumbered by Dower of Former Owner. — Where the only defect in the title of the vendor is that it is encumbered by the dower of a former owner, such defect is not sufficient to prevent the specific execution of the contract; but the same may be executed, with an allowance of compensation for such defect, on the terms prescribed in the Va. Code, ch. 106, § 12, p. 855. Stimson v. Thorn, 25 Gratt. 278.
Vendor Knowingly Conceals or Misrepresents State of Title. — But a vendor who knowingly conceals or misrepresents the state of his title, as to defects therein or incumbrances against the same, will not be granted specific performance of his contract, even though after suit brought, such defects are cured and such incumbrance removed, if at the time of the hearing the vendee objects thereto, and asks to be relieved from such contract. Spencer v. Sandusky, 46 W. Va. 582, 33 S. E. Rep. 221. A purchaser of land who buys with a view of immediately removing his family to it, and is assured it is free from incumbrances except one deed of trust to secure a specific debt, but who soon after the purchase ascertains that it is covered by several deeds of trust, and by a number of judgments against a prior owner of unascertained amounts, is well j usti-fied in refusing to carry out the contract; and specific performance will not be enforced against him, though in a suit brought by the vendor, after two years he has paid the liens ascertained, and they may be paid out of the purchase money. Kinny v. Hoffman, 1 Va. Dec. 361.
Land Subject to Life Maintenance. — Where the land is subject to a life maintenance in favor of a third party, that is no impediment to a specific performance of a contract of sale with general warranty, if the purchaser will accept a conveyance with such warranty, and rely upon it for indemnity against such incumbrance. Bates v. Swiger, 40 W. Va. 420, 21 S. E. Rep. 874.
Land Held Adversely. — Specific performance will not be decreed until the vendor establishes his title at law against an adverse claimant, under whom the vendee is in possession. Carrington v. Otis, 4 Gratt. 235. See also, Griffin v. Cunningham, 19 Gratt. 571.
Mortgage on Land Not Known to Have Been Paid. — A being the owner of 13,500 acres of land, sold 822 acres, parcel thereof, to B, and there being some doubt of A’s title, his brother joined him in the conveyance, with covenants of general warranty.- The whole tract had been formerly purchased of a person in London, and a mortgage given on the land for the purchase money, which had never been recorded in this state, and had never been released, though there were strong reasons for believing the whole of the mortgage debt paid. Eeld, this constituted no valid obj ection to a decree in favor of A against B for the balance of the purchase of the 822 acres of land. Richards v. Mercer, 1 Leigh 125.
c. Litigious or Clouded Title — A vendee for value, purchasing a good title, cannot be compelled to accept a litigious or clouded title, if there is reasonable ground to apprehend litigation with regard thereto, although the same may be satisfactory to a lawyer or speculator. Having paid a good price therefor, the vendee has the right to demand a quiet title. Spencer v. Sandusky, 46 W. Va. 582, 33 S. E. Rep. 221; Peers v. Barnett, 12 Gratt. 410.
Prior Grant Forfeited. — Where, on the facts shown, the law is clear that a prior grant is forfeited, it constitutes no cloud on the title acquired under a subsequent grant; and hence one who contracts to purchase such title will be compelled to do so. Matney v. Ratliff, 96 Va. 231, 31 S. E. Rep. 512.
d. By Terms of Sale Vendee May Examine Title.— Where, by the terms of a sale, provision is made by which the purchaser may examine the title, and, if not satisfied, may refuse it, the vendor has no right to a specific performance, even though the court of appeals pronounces the title good, if the vendee in good faith is not satisfied with it. Averett v. Lipscombe, 76 Va. 404.
e. Vendee Cognizant of Defect. — Where a purchaser knows, when he makes his contract, that there is a defect in the title, and that it will take a considerable time to remove it, or acquires this knowledge after his purchase, and acquiesces in the delay, or proceeds with knowledge of the defect in the execution of the contract, he cannot afterwards complain. Rader v. Neal, 13 W. Va. 374 ; Vail v. Nelson, 4 Rand. 478 ; Goddin v. Vaughn, 14 Gratt. 125 ; Dodson v. Hays, 29 W. Va. 577, 2 S. E. Rep. 415.
But if, after he has gone into possession under such a contract, he discovers that the vendor is unable to fulfill his promise to make title by the day named, and, immediately upon such discovery, surrenders possession, the fact that he originally contracted with a knowledge of the condition of the *633 title will not authorize a court to compel him to accept such title as the vendor can furnish. Jackson v. Ligon, 3 Leigh 161.
Vendor Does Not Affect to Have Perfect Title. — If a vendor does not affect to have a perfect title, and expressly sells such as he has with special warranty, he Is entitled to specific execution without being first required to show a clear title. Broyles v. Bee, 18 W. Va. 514, citing Bailey v. James, 11 Gratt. 468 ; Goddin v. Vaughn, 14 Gratt. 124 ; Vail v. Nelson, 4 Rand. 478; Sutton v. Sutton, 7 Gratt. 234.
Vendor Has Equitable Title.- — Where the vendor has but an equitable title, only selling- his interest in the property without warranty, and authorizing the vendee to proceed to get in the legal title, it is not error to decree a specific execution of the contract at the suit of the vendor, without directing a conveyance by him. Bailey v. James, 11 Gratt. 468, and note.
Specific Performance as Matter of Favor. — Specific performance of a contract for a sale and purchase of land will only be decreed as a matter of favor where the vendor is not prepared to comply with his covenants at the hearing ; and such favor will only be granted in cases where it can be granted without prejudice to the rights of the vendee. This indulgence will not be granted when the defect to be remedied was known to the vendor or his attorney at the time of the contract and was concealed from the purchaser. And more especially will such indulgence be denied when, beside the failure to disclose the existence of incumbrances, an account is necessary to ascertain the state of the title, the extent, nature and amount of such incumbrances. Kinney v. Hoffman, 1 Va. Dec. 361 ; Christian v. Cabell, 22 Gratt. 82, and note.
Guardian Sells Wards* Land. — Where a guardian contracted to sell land belonging to his wards, by a contract which showed on its face that he had no interest in the land, and no right to convey, the vendees will be conclusively presumed to have known this; and they, agreeing to purchase the land upon the faith that the vendor would acquire title before the purchase money should be paid, which he actually did so acquire, they will be estopped from objecting that the contract is a nullity, and specific performance will be decreed. Dodson v. Hays, 29 W. Va. 577, 2 S. E. Rep. 415.
f. Long Possession by Vendee. — SveciHc performance of a contract of purchase will be decreed against a purchaser, who has gone into possession and held it for many years, though the deed under which the vendor deraigns title has been lost. But in such case, as the onus of proving such title rested on the vendor, he must pay the costs. Wade v. Greenwood, 2 Rob. 474. See Edwards v. Van Bibber, 1 Leigh 183.
g. Title to Portion Bad. — Where A purchased of B 686 acres of land for cultivation, and the vendor’s title to 209 acres thereof was found defective, it was held that the vendee should not be compelled to take the residue, although it lay distinct and separated from the other portion by a public road, and although all the improvements are on the residue, in which the vendor has a perfect title. Jackson v. Ligon, 3 Leigh 161.

h. When Title May Be Made.

(i) In Genera!. — The principle is well established, that it is not essential, that the vendor had at the time of the contract such title and capacity to convey the property, or such means and right to acquire it, as would enable him to fulfill it on his part. It is sufficient if he is able to convey, when he is required by the contract, or the equities of the case. And where time is not of the essence of the contract, the vendor will be allowed a reasonable time to obtain a perfect title. Rader v. Neal, 13 W. Va. 373; Mays v. Swope, 8 Gratt. 46; Dodson v. Hays, 29 W. Va. 577, 2 S. E. Rep. 415; Goddin v. Vaughn, 14 Gratt. 125.
(2) Before Report on Title — Generally, in contracts for the purchase or sale of an estate, time is not regarded as of the essence; and accordingly it is not generally regarded as material, whether the title of the plaintiff was a good title when he made the contract of sale or when he brought his bill for specific performance, and he is permitted by the court to make out his title at any time before the report on his title, and if he can do so, though his title was imperfect when the bill was filed, he will be entitled to a decree for specific performance. Tavenner v. Barrett, 21 W. Va. 657. See also, Dodson v. Hays, 29 W. Va. 577, 2 S. E. Rep. 415.
(3) Before Decree. — “in suits for the specific execution of contracts for the sale of land, time is not generally considered of the essence of the contract, and therefore it is not regarded as material whether the plaintiff, at the time he brings his bill for specific execution, was in a situation to confer a good title upon his grantee or not. It is sufficient if he can confer such title at any time before the decree granting him relief.” Vaught v. Cain, 31 W. Va. 424, 7 S. E. Rep. 9. Compare Hendricks v. Gillespie, 25 Gratt. 181.
Where it appears that, at the time the deed was made by the vendor to the land, and suit brought by him to subject the land to the purchase money, he did not have a good title to a large part of the land, the court will not enforce specific performance of the contract, but will rescind it, though the vendor may be able to make a good title at the time of the decree. Hendricks v. Gillespie, 25 Gratt. 181.
If at the date of the decree of sale, the title, though originally defective, has become good by reason of the purchaser’s possession under the statute of limitations', the court may go on to enforce the contract. Core v. Wigner, 32 W. Va. 277, 9 S. E. Rep. 36. See Garnett v. Macon, 6 Call 308, Fed. Cas. No. 5,245.
(4) Reasonable Time to Perfect Title. — In some instances the court will decree specific performance if the vendor is prepared to comply with his covenants at the hearing; and the court will afford him a reasonable time to remove incumbrances and perfect his title. But this is a matter of favor to the vendor, only to be granted in cases which admit of such relief without prejudice to the rights of the vendee. The court will not give time to the vendor when the defect to be remedied was known to the vendor or his attorney at the time of the contract, and was concealed from the purchaser. Christian v. Cabell, 22 Gratt. 82; Rader v. Neal, 13 W. Va. 373; Dodson v. Hays, 29 W. Va. 577, 2 S. E. Rep. 415.
(5) Time as Essence of Contracts. — The English court of chancery had never laid down the broad principle that time was never important; on the contrary, the present doctrine there is, that where time is really material to the parties, the right to a specific performance may depend upon it; and the same doctrine prevails in the courts of the United States. Garnett v. Macon, 2 Brock. 185, 6 Gall 308, Fed. Gas. No. 5,245. See monographic note on “Contracts” appended to Enders v. The Board of Public Works, 1 Gratt. 364.
In the case of an executory agreement, though the time appointed for performance may not be *634 made, originally, by the terms of the contract, of the essence thereof, yet it may he made material hy the conduct of the parties or circumstances afterwards; and if so made material, the party in default is not entitled to demand specific execution against the other. Jackson v. Ligon, 3 Leigh 161; Smith v. Profitt, 82 Va. 832, 1 S. E. Rep. 67.
i. Appellate Practice. — On. a hillhy a vendee against a vendor for specific execution, if-no objection to the vendor’s title be made in the court of chancery, in any form, he cannot be heard to make such objection in the appellate court. Brockenbrough v. Blythe, 3 Leigh 619.
3. Contract Must Identify Land.-In a suit for the specific execution of a contractfor the purchase of land, where neither the contract itself, nor the extrinsic proof of the surrounding circumstances, identifies or defines the tract or boundaries of the land, or refers to anything by which it may be identified with reasonable certainty, the court will not decree a specific performance but will dismiss the bill. Mathews v. Jarrett, 20 W. Va. 415; Westfall v. Cottrils, 24 W. Va. 763.
Misunderstanding as to Identity, — Where it appears that, at the time of en tering into a contract for the sale of a tract of land, there was a misunderstanding between parties as to the identity of the land, to which the contract related, a court of equity, in its discretion, ought not to interfere by decreeing a specific performance. Graham v. Hendren, 5 Munf. 185.
Illustrations of Rule. — Thus a parol contract to sell and convey “forty acres off the Spring Pork end of my tract of one hundred and forty-seven acres on Beach Pork in Calhoun county,” is too vague and indefinite to be specifically enforced. Westfall v. Cottrills, 24 W. Va. 763.
In Mathews v. Jarrett, 20 W. Va. 415, the court held as too uncertain in description for enforcement, a sale of “ten acres of land on the west side of the branch on the Keeny place, where Mathews now resides.”
But if a father gives a son an undivided moiety of a specific tract of land, saying it is to be the "west end” of the tract, the gift is sufficiently certain and definite, as to the land given, to be enforced. Crim v. England, 46 W. Va. 480, 33 S. E. Rep. 310.
In Blankenship v. Spencer, 31 W. Va. 510, 7 S. E. Rep. 433, a decree was refused where the land was described as “a certain piece of land containing sixty-seven and one-half acres, being the lower end of a certain survey sold and conveyed to S by W, and adjoining the lands of H and of R, in the district of P, in the county of G, in the state of West Virginia;” the survey being shown by extrinsic evidence to contain one hundred and seventeen acres.
D.AGREEMENTS- TO DEVISE. -Strictly speaking, an agreement to dispose of property by will cannot be specifically enforced, not in the lifetime of the party, because all testamentary papers are from their nature revocable; not after his death, because it is no longer possible for him to make a will, yet courts of equity can do what is equivalent to a specific performance of such an agreement by compelling those upon whom the legal title has descended to convey and deliver the property in accordance with' its terms, upon the ground that it is charged with a trust in the hands of the heir at law, devisee, personal representative, orpurchaser, with notice of the agreement, as the case may be. Burdine v. Burdine, 98 Va. 515, 36 S. E. Rep. 992 ; Hale v. Hale, 90 Va. 728, 19 S. E. Rep. 739.
Signing of Contract. — And parties who have complied with the terms and conditions of a contract to devise property to them are entitled to specific performance thereof, though they did not sign it. Bur-dine v. Burdine, 98 Va. 515, 36 S. E. Rep. 992.
E. CONTRACTS OF EXCHANGE. — where a written contract has been entered into for the exchange of lands, and so far executed that each party puts the other in possession of the lands exchanged, but deeds are not executed, an executory parol contract, whereby they annul the first contract of the exchange, put into effect partially by one of the pari ties restoring to the other the possession of his land, will be enforced. Boggs v. Bodkin, 32 W. Va. 566, 9 S. E. Rep. 891.
Mistake in Quantity of Land. — where the plaintiffs and defendants contracted to exchange certain lands, foot for foot, but the defendant, by mistake, conveyed less land than it received, and upon discovery of the mistake five years thereafter, the plaintiff sued for relief, it was held that specific performance was the proper remedy, although the value of the lands had materially changed. Max Meadows Land & Imp. Co. v. Bridges, 95 Va. 184. 27 S. E. Rep. 839.
Title. — A parol contract for the sale or exchange of land will not be specifically enforced unless it be proven that the parties have a good title to their respective lands ; and, if the validity of the plaintiff’s title is dependent on the question whether he had ten years’ adversary possession of the land, he must, before he can enforce such contract, specifically establish that fact by clear evidence ; and if he has declined to defend an action of ejectment brought by a stranger to test his title, this will be regarded as showing that his title is so doubtful that the court ought not to require it to be received as a good title by the other party in such contract for the exchange of land. Boggs v. Bodkin, 32 W. Va. 566, 9 S. E. Rep. 891.
Terms Must Be Clearly Proven. — A court of equity will not enforce a parol contract for the sale or exchange of land, unless the terms of the contract are admitted or clearly proven. Boggs v. Bodkin, 32 W. Va. 566, 9 S. E. Rep. 891; McCulley v. McLean, 48 W. Va. 825, 37 S. E. Rep. 559.
F. PAROL CONTRACTS RELATING TO LAND— statute 03£ FRAUDS.
1. In General.. — It is well settled that where there has been a part performance of a parol contract for the sale and purchase of land by the purchaser being put into possession of the property, and the payment of the purchase money, or a part thereof, and an offer to pay the residue, and valuable improvements have been made upon the land by the purchaser upon the faith of the contract, the statute of frauds cannot be successfully pleaded in bar to the performance in a court of equity. Campbell v. Fetterman, 20 W. Va. 398; Tracy v. Tracy, 14 W. Va. 243; Vickers v. Sisson, 10 W. Va. 12; Lowry v. Buffington, 6 W. Va. 249; Capehart v. Hale, 6 W. Va. 547; Hedrick v. Hern, 4 W. Va. 626; Bowman v. Wolford, 80 Va. 213; Rhea v. Jordan, 28 Gratt. 678. See post, this section, “Part Performance.”
Illustrations of Rule. — Where the vendor by parol sells to the vendee land, to be paid for in three years in work, and puts him in possession, and the vendee clears the land and builds a dwelling on it, which with his family he continues to occupy, paying the vendor the purchase money in work as he agreed, *635 such vendee is entitled to a conveyance in specific performance of tlie sale of the land. Bowman v. Wolford, 80 Va. 213.
The verbal contract of an aged person with a husband and wife, to maintain, care for, support, clothe and bury her, in consideration of her property to be conveyed, will be specifically enforced against persons asserting themselves to be heirs of the deceased by remote relationship. Bryson v. McShane (W. Va.), 35 S. E. Rep. 848. See Fishburne v. Ferguson, 85 Va. 321, 7 S. E. Rep. 361; Neel v. Neel. 80 Va. 584.
Plaintiff made an oral agreement to sell and deliver certain lands to defendant for a fixed sum, in consideration of his taking up and delivering two notes which were liens upon those lands, and paying the balance at a stated time. Defendant bought the notes, and delivered one, and offered to perform the remaining condition of the contract, and went into possession, and cut logs from the land. The plaintiff, however, refused to further perform the contract, obtained an injunction, and sought to recover the logs, still retaining the note. Upon the foregoing facts it was held that specific performance of the contract will be decreed. Reynolds v. Necessary, 88 Va. 125, 13 S. E. Rep. 348.
Conditions Precedent to Enforcement. — In a suit by the purchaser, for the specific performance of a parol agreement for the sale ofland, it must appear: 1st. That the parol agreement relied on is certain and definite in its terms. 2d. The acts proved in part performance must refer to, result from, or be made in pursuance of the agreement proved. 3d. The agreement must have been so far executed that a refusal of full execution would operate as a fraud upon the party, and place him in a situation which does not lie in compensation. Wright v. Bucket, 22 Gratt. 370; Pierce v. Catron, 23 Gratt. 588; Helton v. Johnson, 2 Va. Dec. 521; Lester v. Lester, 28 Gratt. 737; Barrett v. Forney, 82 Va. 269; Reynolds v. Necessary. 88 Va. 125, 13 S. E. Rep. 348; Hudson v. Max Meadows Land and Imp. Co., 97 Va. 341, 33 S. E. Rep. 586; Huntingdon & K. Land Devel. Co., 46 W. Va. 99, 33 S. E. Rep. 108; Campbell v. Fetterman, 20 W. Va. 398; West Virginia O. & O. L. Co. v. Vinal, 14 W. Va. 637; Baldenberg v. Warden, 14 W. Va. 397; Middleton v. Selby, 19 W. Va. 167; Lowry v. Buffington, 6 W. Va. 249. See generally, Anthony v. Leftwich, 3 Rand. 246.
Illustrations of Rule. — A parol contract for the sale of land will not be enforced where the only evidence of the contract consists of testimony of declaiations made by the vendor, in none of which is he said to have made any reference to the contract relied on, and it does not appear whether the act proved in part performance was done before or after the alleged making of the contract, nor that a refusal of full execution of the contract, if it exists, would operate as a fraud on the parties, and place them in a situation which does not lie in compensation. Helton v. Johnson, 2 Va. Dec. 521.
In the case of Zane v. Zane, 6 Munf. 406, Jonathan Zane in 1775 made a settlement on the upper end of what has since been known as Wheeling Island, in the Ohio river, opposite the city of Wheeling, and in 1777 his brother, Ebenezer Zane, made a like settlement on the lower part of the same island. In 1784 the island was divided between them by a designated line, and it was agreed verbally, that Ebenezer should procure a patent from the commonwealth for the whole, and convey to Jonathan his part. Ebenezer obtained the patent accordingly, but after the lapse of many years, without fulfilling the agreement, he died and by his will devising the whole to his sons, Noah and Daniel, against whom, in 1815, Jonathan Zane (whose possession had continued without interruption from the time of his first settlement) filed his bill for a specific performance of the contract with his brother, demanding that Noah and Daniel Zane, the devisees of Ebenezer, should be required to convey to him the legal title to his part of the island; and it was decreed accordingly.
2. SIGNING.
Signing by Party to Be Charged Sufficient. — it is sufficient, in order to entitle one to specific performance of a contract in equity, that it be signed by the defendant, who is the party to be charged thereby, as the plaintiff, by the institution of his suit, in writing consents to the contract, and makes the remedy as well as the obligation mutual. Cent. Land Co. v. Johnston, 95 Va. 223, 28 S. E. Rep. 175 ; Creigh v. Boggs, 19 W. Va. 241.
Contract Signed by Vendor Alone. — While the statute of frauds, sec. 1, ch. 98 of the Code of West Virginia, requires every contract for the sale of land to be signed by the party to be charged, still where there has been such part performance as will take the case out of the operation of the statute, a written contract signed by the vendor alone may be by him enforced against the vendee in a court of equity. Steenrod v. Wheeling, etc., B. Co., 27 W. Va. 1.
In such cases verbal contracts, or written contracts signed by the plaintiff, and not by the defendant or party to be charged, have been repeatedly enforced by courts of equity of West Virginia. Lowry v. Buffington, 6 W. Va. 249 ; Baldenburg v. Warden, 14 W. Va. 397 ; Campbell v. Fetterman, 20 W. Va. 398 ; Steenrod v. Railroad Co., 27 W. Va. 1.
For example, where a contract for the sale of land was signed by the vendor alone, and the vendee corporation took possession, and, on its insolvency, its successor occupied and used the land, it was held that the vendor’s administrator could maintain a suit for specific performance against the latter company, although the statute of frauds in West Virginia (W. Va. Code, § 1, ch. 98) requires every contract for the sale of land to be signed by the party to be charged. Steenrod v. Railroad Co., 27 W. Va. 1.
Quaere: Whether if there be a bond given for the purchase money but no signing of the contract by the vendor, nor any other act of part execution, the statute of frauds is a defence to a bill brought by the vendee for a specific performance of the contract. Richardson v. Baker, 5 Call 514.
a. 'Effect of Taking Possession. — Where under a contract not signed by the purchaser, he takes possession, a court of equity, at the instance of the vendor, will decree specific execution. Capehart v. Hale, 6 W. Va. 548.
Without such taking or retaining of possession, though the contract was signed by the vendor, and accepted by the purchaser, the former cannot, merely by reason thereof, enforce the contract against the latter. Capehart v. Hale, 6 W. Va. 548.
3. Parol Agreements to Devise. — a person may by an oral contract bind himself to dispose of his estate by will in a particular way, and such a contract, will be specifically enforced in a court of equity, provided the requirements of the statute of frauds are complied with. Hale v. Hale, 90 Va. 728, 19 S. E. Rep. 739. See Va. Code 1887, § 2840, and monographic note on “Frauds, Statute of” appended to Beale v. Digges, 6 Gratt. 582.
*636 Part Performance. — Making* a will upon condition that the devisee make a reciprocal will in favor of the devisor Is not such a part performance of a contract as will cause equity to specifically enforce the agreement Hale v. Hale. 90 Va. 728, 19 S. E. Rep. 739.
Specific performance of a promise to make a will in favor of the plaintiff was denied under peculiar facts in Cox v. Cox, 26 G-ratt. 305..
4. Part Performance. — It is well settled that courts of equity will, notwithstanding- the statute of frauds, enforce oral contracts for the sale of land which have been partially performed. And when the failure to complete the contract would operate as a fraud, such courts may exercise asimilar jurisdiction with reg-ard to chattels, hut courts of law will not enforce such contracts contrary to the provisions, of the statute, fcimmins v. Oldham, 27 W. Va. 258. See Seemer v. Seemer, 1 Va. Dec. 148; Anthony v. Leftwich, 3 Rand. 238; Wilde v. Fox, 1 Rand. 165; Capehart v. Hale, 6 W. Va. 548. See footnote to Parrill v. McKinley, 9 Gratt. 1, for a full collection of the authorities on this question.
Must Prove Possession or Making of Improvements. —Specific performance of an oral contract will not he decreed on hehalf of the purchaser on the ground of part performance, when the plaintiff fails to show either that he ever had exclusive possession of the land or that he made any permanent improvements thereon. Gallagher v. Gallagrher, 31 W. Va. 9, 5 S. E. Rep. 297.
Acts of Part Performance Must Be Positive and Substantial. — Where the acts of part performance relied on to take an alleged parol agreement to convey lands out of the operation of the statute of frauds, are not positive and substantial, equity will not decree specific performance of the contract. Hudson v. Max Meadows Land & Imp. Co., 99 Va. 537, 39 S.E. Rep. 215.
Plaintiff Must Rely on His Own Acts of Part Perform» ance. — A plaintiff seeking specific performance of a parol contract for the sale of land must rely upon his own acts of part performance, and not on the repudiated acts of the defendants, or the person under whom the defendants claim. Huntington & K. Land Devel. Co. v. Thornburg, 46 W. Va. 99, 33 S. E. Rep. 108.
Payment of Purchase Money Insufficient. — Mere payment of purchase money under a parol contract for land is not such part performance as gives a purchaser a right to specific performance. Biern v. Ray (W. Va.), 38 S. E. Rep. 530.
Oral Contract of Married Woman. — An oral contract of a married woman for the sale of her land cannot he specifically enforced under the doctrine of part performance. Rosenour v. Rosenour (W. Va.), 35 S. E. Rep. 918; Sturm v. McGuffin, 48 W. Va. 595, 37 S. E. Rep. 561.
A purchaser of land by parol contract, having acquired an equitable title therein by part performance of the contract, such as will take the contract out of the statute of parol contracts and entitle him in equity to have the contract specifically performed, may assert, as against the creditors of the vendor, his prior equity. Biern v. Ray (W. Va.), 38 S. E. Rep. 530.
Proof of Part Performance. — Specific performance of a verbal promise to convey land was refused where but one witness testified to part performance, and his testimony on this point was in direct conflict with the answer. Broughton v. Coffer, 18 Gratt. 184.
5. Proof of Contract. — Notwithstanding the statute of frauds, courts of equity, in order to defeat fraud, will compel the specific execution of a parol contract for the sale of lands if the contract is established by clear and convincing proof, but its terms must he made certain and definite, and in all respects placed beyond the bounds of mere conjecture by full and clear proof. Boyd v. Cleghorn, 94 Va. 780, 27 S. E. Rep. 574; Huntington & K. Land Dev. Co. v. Thornburg, 46 W. Va. 99, 33 S. E. Rep. 108 ; Miller v. Lorentz, 39 W. Va, 160, 19 S. E. Rep. 391.
Equity will not decree specific performance of an alleged parol contract to convey land, where the evidence is unsatisfactory as to whether the alleged contract was ever entered into, and where twenty years have elapsed since the contract is said to have been made. The evidence must be clear, full and free from suspicion. Pennybacker v. Maupin, 96 Va. 461, 31 S. E. Rep. 607; Gallagher v. Gallagher, 31 W. Va. 9, 5 S. E. Rep. 297; Harris v. Elliott, 45 W. Va. 245, 32 S. E. Rep. 176.
Allegata and Probata Must Correspond. — In order that a parol contract for the sale of real estate should be specifically enforced, the contract must be established by competent proof to be clear, definite, and unequivocal in all its terms, and the contract proved must be that charged in the bill. McCulley v. McLean, 48 W. Va. 625, 37 S. E. Rep. 559; Patrick v. Horton, 3W. Va. 23; Gillaspiev. James, 48 W. Va. 284, 37 S. E. Rep. 598; Lorentz v. Lorentz, 14 W. Va. 761.
Plaintiff Must Establish Contract by Preponderance of Evidence. — In a suit to enforce specific performance of a parol contract for the sale of land, complainant must clearly establish the contract set up in his bill by a preponderance of evidence. Wiley v. Golston, 86 Va. 520, 10 S. E. Rep. 507, citing Gallagher v. Gallagher, 31 W. Va. 9, 5 S. E. Rep. 297.
Evidence as to Description. — Equity will not enforce a parol contract on the ground of part performance, where the description is so vague and indefinite that the contract would not be enforced had the memorandum required by the statute of frauds been made. Blankenship v. Spencer, 31 W. Va. 510, 7 S. E. Rep. 433.
Contract Altered by Parol. — Notwithstanding the statute of frauds, equity may specifically enforce a written contract for the sale of land, as orally modified by the parties, to correct a mutual mistake made, not in reducing the contract to writing, but in the supposition of both parties that the boundaries of the land named in the contract would include a certain mill site. Creigh v. Boggs, 19 W. Va. 240.
6. Memorándum. — A bill for specific performance of a contract for the sale of land will lie, although the memorandum required by the statute of frauds consists wholly of the letters of the parties interested, and whether they be written to the person with whom the contract is made, or to some third person. Wyeth v. Mahoney, 32 Gratt. 645.
Executory Parol Agreements. — On a bill for specific performance of a contract for the sale of real estate between the purchaser of land, his agent and the agent of the seller, which was not in writing, the defendant may plead the act to prevent frauds and perjuries, and then bar a recovery by the plaintiff. Buck v. Copland, 2 Call 218.
7. Possession. — Possession, to be sufficient to sustain a suit for specific performance of a parol contract. must be actual, open, notorious, exclusive, and continuous under the delivery of the plaintiff. Constructive possession of vacant town lots is not sufficient. Such possession remains with the legal *637 title. Huntington & K. Land Co. v. Thornburg, 46 W. Va. 99, 33 S. E. Rep. 108; Woods v. Stephenson, 43 W. Va. 149, 27 S. E. Rep. 309; Miller v. Horentz, 39 W. Va. 160, 19 S. E. Kep. 391.
8. Parol Gifts.

a. Promise by Father to Child.

(i) In General. — It may he regarded as settled law in West Virginia and Virginia that a child, who, under a verbal gift from its father, has taken possession of land and improved it, has a right to demand in a court of equity a specific execution of the contract by the execution of a deed from the father, thereby consummating the parol gift. Frame v. Frame, 32 W. Va. 463, 9 S. E. Rep. 901, following Shobe v. Carr, 3 Munf. 10, decided in 1811, and citing Darlington v. McCoole, 1 Heigh 36; Reed v. Vannorsdale, 2 Heigh 569; Pigg v. Corder, 12 Heigh 69; Cox v. Cox, 26 Gratt. 305.
Possession flust Be Taken and Improvements Made. —But where there is simply possession on the part of the child, with no improvements made or money expended, it is questionable whether specific performance could be enforced. Frame v. Frame, 32 W. Va. 468. 9 S. E. Rep. 901; Stokes v. Oliver, 76 Va. 72; Keffer v. Grayson, 76 Va. 517. But see Marling v. Marling, 9 W. Va. 79.
Donee Makes Valuable Improvements. — It is well settled that an oral gift of land based on a meritorious consideration, by reason of which the donee has been induced to make valuable improvements, will be enforced in equity by conveyance of the legal title. Crim v. England, 46 W. Va. 480, 33 S. E. Rep. 310; Frame v. Frame. 32 W. Va. 463, 9 S. E. Rep. 901; Harrison v. Harrison, 36 W. Va. 556, 15 S. E. Rep. 87; Halsey v. Peters, 79 Va. 60; Burkholder v. Hudlam, 30 Gratt. 255.
“A gift of real estate will be enforced with great caution, and not in general, unless the donee has taken possession and made improvements on the faith of the gift. When he does this, it constitutes a valuable consideration on which to ground a claim for specific performance.” Waterman on Specific Performance, § 187. quoted in Harrison v. Harrison. 36 W. Va. 556, 15 S. E. Rep. 87.
A parol agreement between father and son, that on condition the son will enter upon a certain tract of land and improve it, the lather will make him a deed for the same, and in pursuance and on faith of such agreement the son enters upon the land and occupies and improves it, is sustained by a suificient consideration, and should be specifically performed. Horentz v. Horentz, 14 W. Va. 761.
Proof of Contract —But before such contracts can be enforced in a court of equity, they must be established by competent and satisfactory proof, which must be clear, definite and certain. Horentz v. Horentz, 14 W. Va. 761.
No Consideration. — A parol agreement between father-in-law and son-in-law, that the former will give the latter a piece of land, supported by no valuable or meritorious consideration, will not be specifically executed, at the suit of the son-in-law, after the death of his wife, against the father’s devisee of the land; neither would such an agreement be specifically executed, under such circumstances, even if it had been in writing, nor would equity have aided a defective conveyance had such a one been made. Darlington v. M’Coole, 1 Heigh 36.
In Burkholder v. Hudlam, 30 Gratt. 255, specific execution was decreed as against creditors, because the donee, induced by the promise of his father-in-law, had altered his condition and made expenditures of money in valuable improvements on the land. In that case .Judge Burks, in delivering his opinion, took occasion to say obiter that a conrt of equity will not lend its aid to carry into execution contracts or agreements based wholly on a meritorious consideration.
Possession and Inexpensive Improvements. — where a son goes into possession of his father’s land, and makes inexpensive improvements, it is not to be inferred therefrom, in the absence of other evidence, that the father gave the son the land/ Neither are loose declarations of the father, without explanation. sufficient evidence of a gift. A contract between a parent and child, from the nature of the relation, requires to be proved by a kind of evidence much stronger than that which might suffice between strangers. The evidence, in case of a parol gift from father to child, should be direct, positive, express, and unambiguous, and its terms clearly defined. Harrison v. Harrison, 36 W. Va 556, 15 S. E. Rep. 87.
Improvements a Condition Precedent. — Equity will enforce a parol promise by a father to his son, in consideration of love and affection, to give him land, where the son, induced by such promise, takes possession, and makes improvements. But when the father, when the gift is made, requires the son, in a given time, to make specified improvements, such requirement will be considered a condition precedent to the right to demand a deed, and the son, before he can have the promise enforced, mustshow compliance with the conditions. Frame v. Frame, 32 W. Va. 463, 9 S. E. Rep. 901.
Bad Faith an Part of Son. — Specific performance of a parol gift of land from a father to a son will not be decreed as against the other heirs, if the conduct of the son indicated bad faith, or a virtual abandonment of the contract, or a cancellation of the parol gift for a valuable consideration. Harrison v. Harrison, 36 W. Va. 556, 15 S. E. Rep. 87.
Taxes Paid and Improvements Made. — A parol promise to give land to another, accompanied by actual delivery of possession, will be specifically enforced where the promisee induced by such promise, has paid taxes and made valuable improvements with the knowledge of the promisor. But on the other hand to sustain a parol gift of land as against the heirs of the donor, there must be clearly shown an executed intent to make the gift, possession taken, taxes paid, and improvements made on the faith of such intent. Harrison v. Harrison, 36 W. Va. 556, 15 S. E. Rep. 87.
Promise in Consideration of Support. — A father by parol agreed to give his son a tract of land in consideration of support to be furnished by the son to the father and mother for their lives. It was. held that the children of the son, after his death, could enforce the contract against other children of the father, who, with knowledge of such contract, had fraudulently procured from the father a deed to the land. Hester v. Hester, 28 Gratt. 737.
Mutuality. — In the case of Cox v. Cox, 26 Gratt. 305, which was a suit by the widow and heirs of a son for the specific execution of a verbal agreement made with his father, that, if the son would support him and his wife during their lives, the father would give the son the tract of land on which they lived, the mutuality required in such cases was discussed. Judge Stapler, who delivered the opinion of the court, after stating that courts of equity, as a general rule, will not decree in favor of a plaintiff who is himself not bound by the agreement, said: “Tl is- *638 very true that if Joseph Cox had complied -with all the terms and conditions upon which the land was to be devised to him, he or his representatives would be entitled to a decree for specific performance. The vendor having received the full consideration would of course be bound to convey. But where the vendee has not only not performed his part of the agreement, but cannot be compelled so to do upon a bill filed against him, he is clearly not entitled to the aid of a court of equity. He may be entitled to a decree for compensation for the services rendered; but not for specific execution of the contract.”
“This court has repeatedly expressed its disapprobation of those pretended contracts based upon declarations by parents of intentions to make certain specific provision for children, in consideration of supposed services rendered or sacrifices made by the latter. Such promises are generally made in the freedom and confidence of domestic intercourse, and without a suspicion that they constitute legal obligations. The efforts constantly made to enforce them fully vindicate the statute of frauds and perjuries. Reed v. Vannorsdale, 2 Leigh 569; Pigg v. Corder, 12 Leigh 69.” Cox v. Cox, 26 Gratt. 305.
(2) Parol Promises by Others Than Parents. — A court of equity will compel the conveyance of the legal title to land claimed under a parol gift accompanied by possession, where the donee, induced by the promise to give it, has made valuable, improvements on it. But the gift must be definite in its terms and clearly proved. Griggsby v. Osborn, 82 Va. 371; Halsey v. Peters, 79 Va. 60; Burkholder v. Ludlam, 30 Gratt. 258; Fishburne v. Ferguson, 85 Va. 321, 7 S. E. Rep. 361.
Equity will not decree specific performance of a parol gift of land on the ground that the donee had, in consideration thereof, given up the occupation of telegraph operator, and had taken possession of the land, and made valuable improvements, where such donee was not working as a telegraph operator at the time the gift was made, and the value of the improvements made by him was small, and was less than the rental value of the premises for the period of his occupancy. Trout v. Trout, 2 Va. Dec. 399.
Long Delay. — Even though the rights of third persons have not intervened, equity will not enforce a parol gift of land after a delay of thirty-one years, where the terms and conditions of the gift are not clearly shown. Frame v. Frame, 32 W. Va. 463, 9 S. E. Rep. 901.
(3) Evidence.
Where Evidence Is Contradictory. — A parol agreement for the sale or gift of lands will not be specifically enforced, where the parol evidence of it is contradictory. Rowton v. Rowton, 1 H. & M. 92; Griggsby v. Osborn, 82 Va. 371; Gallagher v. Gallagher, 31 W. Va. 9, 5 S. E. Rep. 297.
G.AGREEMENTS TO MAKE LEASE. — Where an agreement to make a lease is entered into upon certain terms, the party to whom the lease is to be made, cannot enforce a specific performance, unless he performs his part of the agreement, or offers to perform, and shows that he is willing and able to do so. Harvie v. Banks, 1 Rand. 408.
Acts Amounting to Forfeiture. — The purchaser of an agreement for a lease and those under whom he claims, having committed such acts as would have amounted to a forfeiture, Had a lease been actually executed with such covenants as were usually inserted in leases to other tenants of the same estate, shall not have the aid of a court of equity, to enforce a specific performance, against a judgment at law recovered by a purchaser of the fee-simple estate. Jones v. Roberts, 3 H. & M. 436.
H. ILLEGAL CONTRACTS.
Illegal Contract to Convey Lands Unenforceable. — In Dodson v. Swan, 2 W. Va. 511, 98 Am. Dec. 787, it was held that where the owner of land enters into a contract for its sale for the purpose of enabling him to secure money to flee the state and avoid a criminal prosecution, a court of equity will not decree the specific performance of such contract at the suit of the vendee, though he has paid the purchase price.
Agreement between Children to Divide Parent’s Property. — An agreement between the children of a family in the lifetime of their parent, to divide his estate equally between them at his death, whatever distribution he might think proper to make of it by his will, may, under circumstances, be enforced in a court of equity, if it be made out by clear proof. Nelson v. Nelson, 1 Wash. 136.
It seems that a contract, under seal, between two brothers, by which one of them, for a fair and valuable consideration, agrees that, when he shall obtain possession of a tract of land devised to them by their fathers, he will convey it to the other, is not coni/)'(t bonos mores, and may support an action of covenant at law, or be specifically enforced in a court of equity. Lewis v. Madisons, 1 Munf. 303.
I. SUBSEQUENT PURCHASE OF LAND WITH NOTICE. — Where a vendor, by executory contract has conveyed the legal title to a subsequent purchaser for value, without notice, there cannot be specific performance of the executory contract in favor of the first purchaser; but, if the second purchaser had notice, there can be,- the conveyance to him being void as to the first purchaser, and he can be compelled to convey the land, without warranty, to the first purchaser. Bates v. Swiger, 40 W. Va. 420, 21 S. E. Rep. 874. See also, Neel v. Neel, 80 Va. 584.
Estopped from Collecting from First Purchaser. — And a vendor, who, after sale to a vendee, sells and conveys to another, without notice to the second purchaser of the first sale, the land sold to the first purchaser, is estopped thereby from collecting by specific performance of the contract, from the firstpurchaser the purchase money for the land sold to the second purchaser. Core v. Wigner, 32 W. Va. 277, 9 S. E. Rep. 36.
Unrecorded Deed to Third Party. — Where a plaintiff purchased land, to be paid for in installments, which he takes possession of and improves, but does not call for a deed until shortly before the last installment is due, at which time he learns that the defendant had conveyed the same land to a third par3, by a deed antedating the plaintiff’s purchase, which, however, had not been recorded, and was not so recorded, until the plaintiff made his demand for a deed, it was held that the defendant was bound by his written contract of sale with the plaintiff, and the latter’s right to specific performance of the contract could not be defeated by the pretended or actual unrecorded deed to such third party. Welfley v. Shenandoah Iron, etc., Co., 83 Va. 768, 3 S. E. Rep. 376.
IV. CONTRACTS RELATING TO PERSONAL PROPERTY.
A. IN GENERAL. — A court in equity will not entertain j urisdiction for the specific performance of an agreement respecting goods, chattels, stock, choses in action, and other things of a merely per *639 sonal nature, where compensation in damages furnishes a complete and satisfactory remedy. Burke v. Parke, 5 W. Va. 122; Hissam v. Parrish, 41 W. Va. 686, 24 S. E. Rep. 600. 56 Am. St. Rep. 892; Campbell v. Rust. 85 Va. 658, 8 S. E. Rep. 664; Stuart v. Pennis, 91 Va. 688, 22 S. E. Rep. 509.
“Equity will not, in general, decree the specific execution of a contract relating- to personal chattels, because damages are, in such cases, a perfect compensation for the injury arising- from failure to perform the contract; since money would, in general, purchase other articles of personal property, of the same qualities and value. In such cases, the assistance of a court of equity is superfluous.” Allen v. Preeland, 8 Rand. 175, opinion of Grebn. J.
Remedy at Law Inadequate. — While the doctrine, however, is well established that a court of equity will not, in general, decree the specific performance of contracts relating* to chattels, yet it will do so where the remedy at law is inadequate to meet all the requirements of a given case, and to do com* píete justice between the parties. Stuart v. Pennis, 91 Va. 688, 22 S. E. Rep. 509. See 5 Va. Law Reg. 860.
Purchaser Continues in Possession. — Where the purchaser continues in possession of the real and personal property, but the vendor makes no conveyance. a bill in equity lies for the vendor against the vendee for specific execution of the whole contract, in respect as well of the personal as of the real part of the subject sold. Clarke v. Curtis, 11 Leigh 559.
B CONTRACTS POR SALE OP SLAVES. — As a general rule a court of equity will decree the specific execution of a contract for the sale or delivery of slaves at the suit of the purchaser, without any allegation or proof of peculiar value. Summers v. Bean, 13 G-ratt. 404.
C. CONTRACTS POR DELIVERY OP SHARES OP STOCK. — As a general rule courts of equity will not enforce specific performance of contracts for the •delivery of shares of stock; but when a purchaser has bargained for or taken an option upon such shares because they have to him a unique and special value, the loss of which could not be adequately compensated by damages at law, the chancellor, in the exercise oí a sound discretion, may decree specific execution. Bumgardner v. Leavitt, 35 W. Va., 194, 13 S. E. Rep. 67; Feckheimer v. Nat. Exch. Bank, 79 Va. 80; Ewing v. Litchfield, 91 Va. 575, 22 S. E. Rep. 362.
But a contract to buy a specific number of shares of the capital stock of a corporation at a price designated will not be specifically enforced in equity at the suit of the vendor. His remedy at law is adequate. Hissam v. Parrish, 41 W. Va. 686, 24 S. E. Rep. 600, 56 Am. St. Rep. 892. But see Feckheimer v. National Exch. Bank, 79 Va. 80.
Contract by One Partner to Sell Partnership Stock.— Where corporate stock, which stood in the name of the defendant on the books of the corporation, did not belong to him individually, but to a partnership of which he was a member, and the partners also owned stock in the firm name, an agreement by defendant with a third party to transfer the stock in his name cannot be specifically enforced. Jones v. Tunis, 99 Va. 220, 37 S. E. Rep. 841.
V. CONTRACTS CALLING FOR PERSONAL CONDUCT.
A.AGREEMENTS TO BUILD OR REPAIR — The general rule is that a court of equity has jurisdiction to enforce specific performance of a contract by a defendant to do defined work upon his own property, in performance of which the plaintiff has a material interest, and which is not capable of adequate compensation in damages; as, for example, covenants by vendees of a tract of land bought for the purpose of erecting an ore washer, that, in case a stream which flowed through their land into land of the vendors, became unfit for cattle to drink, they would construct a pipe line from another’s stream, so as to conduct clear water into the vendor’s field. Grubb v. Starkey, 90 Va. 881, 20 S. E. Rep. 784.
Contract to Build Railroad. — But a court of equity cannot specifically enforce a contract to build a railroad. or to procure a railroad to be built by others. And where the chief object of a contract is to secure the building of a railroad, and one of the parties stipulates that upon the failure to build such a railroad he will pay a sum certain in money, or will transfer and deliver certain stock, a court of equity will not entertain a bill to enforce the transfer of the stock. Ewing v. Litchfield, 91 Va. 575, 22 S. E. Rep. 362.
Agreement to Build in Partnership. — In one case, an agreement to build a tavern in partnership, at the joint expense and risk, and for the joint benefit of the contracting parties, to be held by them in fee simple, was decreed to be specifically performed, at the instance of a partner, who furnished the ground for the purpose, and had fully performed the contract on his part; notwithstanding many of the partners were unwilling to carry it into effect because, in their opinion, a change of circumstances had rendered the scheme unprofitable. Birchett v. Bolling, 5 Munf. 442.
B. AGREEMENTS TO ARBITRATE. — Specific performance of an agreement to arbitrate will not be decreed. Corbin v. Adams, 76 Va. 58.
C. AWARDS —On the other hand, a court of equity will enforce specific performance of an award, where the thing ordered by the award is such as a court of equity would specifically enforce if it had been agreed upon by the parties themselves, and where the remedy at law is inadequate. Burke v. Parke, 5 W. Va. 122; Smith v. Smith, 4 Rand. 95; Wood v. Shepherd, 2 P. & H. 442.
If any act be awarded to be done, for which a complete remedy cannot be had at law, such as to make a conveyance, a bill in equity, for a specific performance of the award, is common and proper. But a court of equity cannot decree specific performance of the condition of a bond to perform an award, when, in fact, no award has been, or can be made. Smallwood v. Mercer, 1 Wash. 290.
Thus, where A agreed with B to sell to him his right to land in possession of B, if three persons, named, should find that he had title to it, and fix the price which B should pay, but no award was made, it was held that a purchaser of B, with notice of the agreement, could not compel A to make a- conveyance, nor to submit the title and price to any other mode of adjustment. Smallwood v. Mercer, 1 Wash. 290. See also, Dandridge v. Harris, 1 Wash. 326.
D. AGREEMENTS TO INSURE — Equity will enforce performance of a contract of insurance made with an agent having authority to issue policies or to bind the company to issue policies, in favor of one who has paid the premium. Haden v. Farmers’, etc., Ass’n, 80 Va. 683; Wooddy v. Ins. Co., 31 Gratt. 362, 31 Am. Rep. 732; Croft v. Ins. Co., 40 W. Va. 508, 21 S. E. Rep. 854.
*640 E. CONTRACTS ON SERVICE. — In general, courts of equity will entertain suits for specific performance of agreements relating to land, or to specific chattels havin gjn'etium affectionis, whenever law courts will not afford adequate remedy ; hut not of contracts for personal services or acts involving shill, labor and j udgment. Campbell v. Rust. 85 Va. 653, 8 S. E. Rep. 661. See Knott v. Shepherdstown Mfg. Co., 30 W. Va. 790, 5 S. E. Rep. 266.
Contract to Operate Leased Road. — On the other hand, equity will compel a railroad company to specifically perform its contract to maintain and operate a leased road, although the lease has some years to run, and the maintenance and operation of the road requires continuous acts involving the exercise of shill and judgment. Southern R. Co. v. Franklin & Pittsylvania R. Co., 96 Va. 693, 32 S. E. Rep. 485.
VI. ESSENTIALS TO AN ENFORCEABLE CONTRACT.
A. IN GENERAL. — Pomeroy, in speahing of the essential elements and incidents which entitle a party to specific performance, states the law as follows, in section 1405, vol. 3, of his equity jurisprudence : “Assuming that a contract has been completely concluded, and that it belongs to a class capable of being enforced, it must still possess certain essential elements and incidents, in order that a court of equity may exercise the jurisdiction to compel its performance. Some of these elements affect its validity ; others, its equitable character. It must be upon valuable consideration. It must be reasonably certain as to its subject-matter, its stipulations, its purposes, its parties, and the circumstances under which it is made. It must be, in general, mutual in its obligations and its remedy.” Quoted and approved in Hissam v. Parrish, 41 W. Va. 686, 24 S. E. Rep. 600, 56 Am. St. Rep. 892. See also, Weaver v. Burr, 31 W. Va. 736, 8 S. E. Rep. 743; Rochecharlie v. Rochecharlie, 2 Va. Dec. 582; Hoover v. Buch, 2 Va. Dec. 106.
Generally, courts of equity will decree a specific performance, when the contract is in writing and is certain and fair in all its parts, and is for an adequate consideration, and capable of being performed; but not otherwise. Abbott v. L’Hommedieu, 10 W. Va. 677; Raden v. Neal, 13 W. Va. 373; Hoover v. Buch, 2 Va. Dec. 106.
Upon a bill by a son-in-law for specific execution of an agreement or promise of a mother-in-law, brought against her executor, legatee, and devisee, after her death, if the terms of the agreement are uncertain, or if it appears probable that the promise was made to or for the benefit of the daughter, and not the son-in-law, or if the plaintiff has delayed for an unreasonable time to assert his claim for specific execution, or if such a change of circumstances has occurred, that the object of the mother-in-law in mahing the promise, cannot be accomplished by specific execution ; any of these considerations will be a sufficient objection to a decree for specific execution, much more, all combined. And'it was said further by President Tucker, that if the promise of the mother-in-law does not appear to have been intended by her as a binding contract, or if it be unreasonable, or if it was founded on no valuable, or on a very inadequate consideration, equity ought not to decree specific execution, but should leave the party to his remedy at law. Pigg v. Corder, 12 Leigh 69.
A court of equity, in decreeing specific performance, is constantly regulated by three great principles ; namely : 1. That the contract is • to be judged of, as matters stood at the time of entering into it; 2. That the court will not alter or extend the agreement of the parties; and 3. That equity will not decree a performance when the consideration for it fails. Opinion of Lyons, J., in Nelson v. Harwood, 3 Call 407.
Must Be Reasonable, Certain, Legal, for a Consideration. — It must be reasonable, certain, legal, mutual, based upon a valuable or meritorious consideration, and the party seeking performance must not have been backward in enforcing his rights, but ready, desirous, prompt, and eager. Darling v. Cumming, 92 Va. 521, 23 S. E. Rep. 880; Dunsmore v. Lyle, 87 Va. 393, 12 S. E. Rep. 610 ; Powell v. Berry, 91 Va. 568, 22 S. E. Rep. 365; Pennybacker v. Maupin, 96 Va. 461, 31 S. E. Rep. 607; Chilhowie Iron Co. v. Gardiner, 79 Va. 305; Ford v. Euker, 86 Va. 75, 9 S. E. Rep. 500.
“A contract, in order to be enforced specifically, must be certain, definite, equal, and fair, and sufficiently precise to obviate misunderstanding as to its import. If it be wanting in these qualities, a court of equity will decline to specifically enforce it, and will leave the party to the remedy at law, if there be any.” Henley v. Hefferron, 2 Va. Dec. 303; Gibbons v. Jackson, 10 Leigh 364.
Terms of Contract Must Be Clearly Proven. — The contract, to be specifically enforced, must not only be certain and definite in its terms and in all its parts, equitable and free from fraud, misapprehension or mistake, but its terms or provisions must be •clearly and distinctly proved. If this be not done, equity will not exercise its extraordinary jurisdiction to enforce it. Rockecharlie v. Rockecharlie, 2 Va. Dec. 582; Darling v. Cumming, 92 Va. 521, 23 S. E. Rep. 880; Pennybacker v. Maupin, 96 Va. 461, 31 S. E. Rep. 607; Haskin v. Ins. Co., 78 Va. 700; Railroad Co. v. Lewis, 76 Va. 833, 12 Am. & Eng. R. Cas. 305; McComas v. Easley, 21 Gratt. 23; Pigg v. Corder, 12 Leigh 69; Anthony v. Leftwich, 3 Rand. 238; Chilhowie Iron Co. v. Gardiner, 79 Va. 305; Dunsmore v. Lyle, 87 Va. 393, 12 S. E. Rep. 610.
B. CERTAINTY. — The first requisite of a contract to entitle one to its specific performance in equity, is certainty and definiteness in its terms. Litterall v. Jackson. 80 Va. 604; Wright v. Pucket, 22 Gratt. 370; Pigg v. Corder, 12 Leigh69; Graham v. Call, 5 Muhf. 396; Anthon'yv. Leftwich, 3 Rand. 246; Edichal Bullion Co. v. Columbia Gold Mining Co., 87 Va. 641, 13 S. E. Rep. 100; Shen. Valley R. Co. v. Lewis, 76 Va. 833,12 Am. & Eng. R. Cas. 305. See Smith v. Jones. 7 Leigh 165, 30 Am. Dec. 498; Weaver v. Burr, 31W. Va. 736, 8 S. E. Rep. 743; Mathews v. Jarrett, 20 W. Va. 415; Norman v. Bennett, 32 W. Va. 614, 9 S. E. Rep. 914; Westfall v. Cottrills, 24 W. Va. 763.
And the certainty required has reference both to the description of the property and the estate to be conveyed. Uncertainty as to either, not capable of being removed by extrinsic evidence, is fatal to any 'suit for a specific performance. Mathews v. Jarrett, 20 W. Va. 415; Westfall v. Cottrills, 24 W. Va. 763; Norman v. Bennett, 32 W. Va. 614, 9 S. E. Rep. 914.
To enable a court to specifically enforce a contract for the sale of real estate the contract must be established by competent proof, to be clear, definite and unequivocal in all its terms. Not only so, but the contract proved must be the contract charged in the bill. Patrick v. Horton, 3 W. Va. 23, citing Story’s Eq. Jur., § 764; Pigg v. Corder, 12 Leigh 69; Anthony v. Leftwich, 3 Rand. 238.
Contract Held Too Indefinite. — Where a bill for *641 specific performance alleged that the property of the complainant’s father was sold under a decree of court, that the complainant purchased several tracts at the trustee’s sale thereof; and that the defendant became the purchaser of another tract, hut that there was an understanding between the complainant and defendant that this last purchase was made for the complainant, and that in consideration thereof complainant turned over to defendant the contracts of purchase of such other tracts, and permitted him to receive deeds thereto at the low prices at which she had been able to purchase, and that the defendant was to hold the property until such time as the complainant could redeem by paying the amount he had so paid, with interest, and that the complainant had since been in possession of the property, it was held that the contract was wanting in mutuality, and was too indefinite to be enforced by specific performance. Henley v. Hefferron, 2 Va. Dec. 303.
O. COMPLETENESS.
General Rule. — It is an elementary doctrine of courts of equity that they will not specifically enforce any contract unless it be complete and certain. All the terms which the parties have adopted, as portions of their contract, must be finally and definitely settled, and none must be left to be determined by future negotiations, and this is true without any regard to the comparative importance or unimportance of these several terms. Berry v. Wortham, 96 Va. 87, 30 S. E. Rep. 413, citing Darling v. Cumming, 92 Va. 521, 23 S. E. Rep. 880.
1. Aeiíitbating the Pkioe.
No Price Agreed upon. — If an agreement for the sale of land be made subject to a condition, that the price thereof shall afterwards .be ascertained by the parties, and one of the. parties dies, without agreeing upon the price, such agreement is too incomplete and uncertain tobe carried into execution by a court of equity. Graham v. Call, 5 Munf. 396.
Persons to Ascertain Price Not Appointed. — So also a contract for the sale of land by which the vendor agrees to take, in part payment, a house and lot of the vendee at its cash value to be fixed by two persons, where the parties agreed to appoint such persons, but not within any specified time, and never have done so, is too incomplete to be enforced in equity. Baker v. Glass, 6 Munf. 212.
•Time and Terms of Payment Not Stated. — Equity will not enforce specific performance of a contract of sale not stating the time and terms of the deferred payments. Berry v. Wortham, 96 Va. 87, 30 S. E. Rep. 443.
D. ASSENT. — See Weaver v. Burr, 31 W. Va. 736, 8 S. E. Rep. 748; EdichalBullion Co. v. Columbia Gold Mining Co., 87 Va. 641, 13 S. E. Rep. 100.
E. MUTUALITY. — A court of equity will not decree specific execution of a contract when there is not mutuality in both obligation and remedy. Both parties must, by the agreement itself, have a right to compel a specific performance of it, else equity will not execute it. Moore v. Fitz Randolph, 6 Leigh 175; Hoover v. Calhoun, 16 Gratt. 112; Iron Co. v. Gardiner, 79 Va. 305; Cheatham v. Cheatham, 81 Va. 395; Ford v. Euker, 86 Va. 75, 9 S. E. Rep. 500; Railroad Co. v. Dunlop, 86 Va. 346, 10 S. E. Rep. 239; Edichal Bullion Co. v. Columbia Gold Min. Co., 87 Va. 641, 18 S. E. Rep. 100; Graybill v. Brugh, 89 Va. 895, 17 S. E. Rep. 558, 21 L. R. A. 133, 37 Am. St. Rep. 894; Wood v. Dickey, 90 Va. 160, 17 S. E. Rep. 818; Ayres v. Robins. 30 Gratt. 105, 116; Hissam v. Parrish, 41 W. Va. 686, 24 S. E. Rep. 600, 56 Am. St. Rep. 892; Boyd v. Brown (W. Va.), 34 S. E. Rep. 907. See also, Weaver v. Burr, 31 W. Va. 736, 8 S. E. Rep. 748, and Henley v. Hefferron, 2 Va. Dec. 303.
A contract, to be specifically enforced by the court, must be mutual; that is to say. such that it might, at the time it was entered into, have been enforced by either of the parties against the other of them. Whenever, therefore, whether from personal incapacity, the nature of the contract, or any other cause, the contract is incapable of being enforced against one party that party is equally incapable of enforcing it against the other, though its execution in the latter way might in itself be free from the difficulties attending its execution in the former. Fry, Spec Perf., p. 198, sec. 286, quoted and approved in Hissam v. Parrish, 41 W. Va. 686, 24 S. E. Rep 600, 56 Am. St. Rep. 892. See Bumgardner v. Leavitt. 35 W. Va. 194, 13 S. E. Rep. 67.
It has been settled by repeated decisions,' that in applications for specific performance the remedy must be mutual, and that where a bill will lie for one of the parties it will lie for the other.' Cox v. Cox, 26 Gratt. 300, 311.
modification of Rule — Executory Contracts, — One modification of this rule, however, is that it governs such contracts only as are executory, for, when the party who is not bound has performed his part under the contract, even though not legally bouiid to such performance, the plea of want of mutuality cannot be made. Boydv. Brown (W. Va.), 34 S. E. Rep. 907, citing 22 Am. & Eng. Enc. Law 1020, 1021.
Thus, lack of mutuality is no defence, even in' a suit for specific performance, where the party not bound thereby has performed all of the conditions of the contract, and brought himself clearly within the terms thereof. Boyd v. Brown (W. Va.), 34 S. E. Rep. 907.
Option to Sell Shares of Stock. — A contract' giving a person an option to sell shares of stock to another at a price specified, but not requiring him to make such sale, has no mutuality, and therefore will not be enforced in equity. Hissam v. Parrish, 41 W. Va. 686, 24 S. E. Rep. 600.
Naked Option. — Want of mutuality wilí prevent specific performance against the vendor of a contract to convey land which is not signed by the vendee and is without consideration, although reciting a consideration of one dollar which was never paid, and which expressly states that there shall' be no obligation on the vendee unless within ten months he ‘pays one-third of the purchase money. Graybill v. Brugh, 89 Va. 895, 17 S. E. Rep. 558, 21 L. R. A. 133, 37 Am. St. Rep. 894.
But it was held in Central Land Co. v. Johnston, 95 Va. 223, 28 S. E. Rep. 175, that specific performance of an unilateral contract will he enforced against the party who signed it, the other requisites for specific performance existing, although the other party did not sign, and there was no mutuality of remedies between them at the time the agreement was made; the filing of the bill by the other party for specific performance, making the remedy and obligation mutual. See also, Wyeth v. Mahoney, 32 Gratt. 645, 652.
Contract Not Obligatory on Heirs. —Specific performance will be decreed against an heir at law on a contract for sale made by his ancestor, though such contract did not purport to be obligatory on the heirs. Moore v. Fitz Randolph, 6 Leigh 175, 29 Am. Dec. 208.
Effect of Subsequent Destruction of Mutuality, — The I rule, that equity refuses specific execution of con *642 tracts where the remedy is not mutual, applies to cases, in which there -is not such mutuality of remedy at the time the contract is made; not to cases in which the mutuality of remedy is taken away by a subsequent contingent event. Moore v. Fitz Randolph, 6 Leigh 175, 29 Am. Dec. 208.
1. Contract to Convey Wire’s Land. — It is well settled that an executory contract of the husband, or''of'the husband and wife, for the sale of the wife’s lands, is not one of which specific performance will be decreed, because, as to the wife, the contract is void, and as to the husband, it cannot be enforced, because to coerce him would operate usually as a constraint upon the wife, and since the contract is not enforceable against them, so neither can it be enforced by them. Watts v. Kinney, 3 Leigh 272; Clarke v. Reins, 12 Gratt. 98; Chilhowie Iron Co. v. Gardiner, 79 Va. 305; Cheatham v. Cheatham, 81 Va. 395; Shen. Val. R. Co. v. Dunlop, 86 Va. 346, 10 S. E. Rep. 239; McCann v. Janes, 1 Rob. 256; Litterall v. Jackson, 80 Va. 604; Dunsmore v. Lyle, 87 Va. 391, 12 S. E. Rep. 610. See Graybill v. Brugh, 89 Va. 895, 17 S. E. Rep. 558, 21 L. R. A. 133, 37 Am. St. Rep. 894.
Specific execution of an agreement to sell and convey 'Will not ordinarily be decreed against the vendor, a married man, whose wife refuses to join iu the deed, when there is proof of fraud on his part ’in her refusal, unless the purchaser is willing tó pay the full purchase money, and accept the deed without, her joining. Graybill v. Brugh, 89 Va. 895, 17 S. E. Rep. 558, 21 L. R. A. 133, 37 Am. St. Rep. 894.
Since a' contract to convey a'right of way across contiguous tracts of land owned by a husband and wife respectively, cannot be enforced as against the wife, it lacks mutuality, and cannot be enforced at the suit of the husband and wife. Shenandoah Val. R. Co. V. Dunlop, 86 Va. 346,-10 S. E. Rep. 239.
Decree Suspended till Wife Executes Deed. — Upon a bill in' chancery, by the husband and wife against a purchaser, to compel specific execution of a contract made by the husband to sell his wife’s land, a decree for specific execution against the purchaser, before the wife shall have executed a deed conveying the land, though the decree is suspended until she executes such a deed, is erroneous. Watts v. Kinney, 3 Leigh 272, 23 Am. Dec. 266.
When Wife One of Several Joint Owners. — The wife being one of three equal joint owners of land, and they and the husband having united in the sale, though the husband and wife will not be compelled to execute the contract on their part, the other two joint owners -will be compelled to convey their undivided interests, upon the payment by the vendee of their shares of the purchase money. Clarke v. Reins, 12 Gratt. 98, and note.
Reason for Rule. — The jurisdiction of courts of equity to specifically enforce a contract entered into by a husband to sell his wife’s land, in a suit by the husband and wife against the purchaser, is doubtful because there is no mutuality in the contract, inasm uch as it could not be enforced against the wife at the suit of the purchaser. Watts v. Kinney, 3 Leigh 272. 23 Am. Dec. 266.
Effect of Statutes. — Previous to the act of April 4th, 1877,' specific performance of a married woman’s contract could not be enforced. After that date, and previous to May 1st, 1888, her contract could be specifically-enforced only as to her separate estate, and while her husband united with her. But since May 1st, 1888, her executory contract may be spe-1 ciftcally enforced under the rule as to specific performance generally. Virginia Cqal & Iron Co. v. Roberson, 88 Va. 116, 13 S. E. Rep. 350. See Nalle v. Parish, 98 Va. 130, 34 S. E. Rep. 985; Gentry v. Gentry, 87 Va. 478, 12 S. E. Rep. 966.
Va. Code 1873, ch. 117, § 7, prescribing the method by which a married woman may convey her land, must be strictly construed, and when any of its requirements are not complied with, the deed is absolutely void, and, although the consideration has been paid, equity will not compel specific performance against her heirs. Wynn v. Louthan, 86 Va. 946, 11 S. E. Rep 878.
P. PAIRNESS.
1. Fraud. — In order that a suit may be maintained for the specific performance of a contract, itmust be perfectly fair, equal, and just in its terms, free from fraud, mistake, misapprehension, illegality, or any other inequitable feature, and the court in judging of its fairness and the propriety of compelling its performance, will look at all the surrounding circumstances. Augsburg Land & Imp. Co. v. Pepper, 95 Va. 92, 27 S. E. Rep. 807; Halsey v. Monteiro, 92 Va. 581, 24 S. E. Rep. 258; Stearns v. Beckham, 31 Gratt. 879 ; Haskin v. Ins. Co,, 78 Va. 700; Fishburne v. Ferguson, 85 Va. 321, 7 S. E. Rep. 361; Halsey v. Peters, 79 Va. 66; Trizzle v. Sutherland, 88 Va. 584, 14 S. E. Rep. 332.
Fraud in Procurement. — “While no positive rule can be laid down to govern the court in all cases in which it is called upon to exercise this extraordinary jurisdiction, yet it maybe safely said that in no case will the court lend its aid to enforce a contract in the procurement or execution of which fraud or imposition has been practiced by the party seeking the relief, or undue influence exerted, or undue advantage taken. An agreement, to be entitled to be carried into specific performance, ought to be certain, fair and j ust in all its parts. A man who calls for specific performance must be able to show that his conduct has been clear, honorable and fair. It is a principle inequity that the court must see its way very clearly before it will decree specific performance, and that it must be satisfied as to the integrity and good faith of the party seeking its interference.” Stearns v. Beckham, 31 Gratt. 379.
In Ratliff v. Vandikes, 89 Va. 307, 15 S. E. Rep. 864, the defendant was applied toby the plaintiff’s agent to sell timber, and refused to sell it without the land, and H, who accompanied the agent, represented himself as agent of persons known to the defendant as responsible, and that he would buy the land for them if he would sell the timber to the plaintiff. The defendant was unable to read or write, but executed the contract on the representations of the plaintiff’s agent that he was selling both land and timber, but in fact the contract contained no provision for the sale of the land. The court held that no specific performance of the sale of the timber should be decreed, because of the fraudulent procurement of the contract.
Fraud May Be in Terms of Contract or in Matters Extrinsic. — The unfairness, which will disentitle a plaintiff to call for specific performance at the hands of the court of equity, may be either in the terms of the contract itself, or it may be in matters extrinsic and the circumstances under which it was made. The unfairness need not amount to actual fraud ; for there are many instances in which, though there is nothing that actually amounts to fraud, there is nevertheless a want of *643 that equality and fairness in the contract which are essential in order that the court may exercise its extraordinary jurisdiction in specific performance ; and in judging- of the unfairness the court will look not merely at the terms, but at all the surrounding- circumstances, such as the mental incapacity, thoug-h falling short of insanity, their age or poverty, the manner in which the agreement was executed, and the like ; and whenever there are evidences of distress in the party against whom performance is sought, or he was an illiterate person, or whenever there are any circumstances of surprise, or want of advice, or anything which seems to import that there was not a full, entire and intelligent consent to the contract, the court is extremely cautious in carrying it into effect; and where the parties contracting are on unequal terms, the onus of proof rests on the party who seeks to uphold the contract to show that the other performed the act or entered into the transaction voluntarily and deliberately, knowing its nature and effect, and that his consent to perform the act or become a party to the transaction was not obtained by reason of any undue advantage taken, or any undue influence exerted over him. Stearns v. Beckham, 31 Gratt. 379.
Vendor Illiterate — Price Inadequate. — For example, equity will not exercise its discretionary authority to decree specific execution of a contract founded in fraud, mistake or undue advantage, or where, upon a change of circumstances, or otherwise, it would be unconscientious to enforce it, as where the vendor was illiterate and does not appear to have had the writings explained, or where the price was grossly inadequate. Grizzle v. Sutherland, 88 Va. 584, 14 S. E. Rep. 332.
Unsoundness of Mind. — The specific performance of an executory contract will not be decreed against the heirs of the party, who, when he made it, was of unsound mind. Gapen v. Gapen, 41 W. Va. 422, 23 S. E. Rep. 579; Stearns v. Beckham, 31 Gratt. 379.
Failure to Read Receipt. — The fact that the vendor signed a receipt for the purchase money prepared by the vendee, and stating that the land contained 56 acres, which latter provision he did not read, cannot control the interpretation of the contract in an action by the vendor for specific performance. Farrier v. Reynolds, 88 Va. 141, 13 S. E. Rep. 393.
Ignorance or Misapprehension. — Where a party has made a contract in ignorance or misapprehension, arising from the declaration and conduct of the other contracting party during the negotiation, the contract will not be enforced on that side. Gibbons v. Jackson, 10 Leigh 364.
Contract Made with Agent. — When specific performance is sought of a contract made with an agent, the agency must be established by clear, certain, and specific proof. Equally clear and satisfactory must be the proof of the ratification by the principal, with full knowledge of all the material facts of the unauthorized contract made by his agents. Otherwise, the enforcement of the contract would be inequitable, and equity will not decree specific performance when it would be inequitable to do so. Halsey v. Monteiro, 92 Va. 581, 24 S. E. Rep. 258, citing Blair v. Sheridan, 86 Va. 527, 10 S. E. Rep. 414; Simmons v. Kramer, 88 Va. 411, 13 S. E. Rep. 902; Stearns v. Beckham, 31 Gratt. 379; Averettv. Lipscombe, 76 Va. 404; Fishburne v. Ferguson, 85 Va. 321, 7 S. E. Rep. 361; Grizzle v. Sutherland, 88 Va. 584, 14 S. E. Rep. 332.
Contract during the Existence of Paper Money. — An agreement was made to sell land, during the existence of paper money, part of the money to be paid in 1780, when a conveyance was to be made,-and the residue in twelve months thereafter. The money was not paid, or tendered at the day, nor was a conveyance made. Upon a bill by the vendee for a specific performance, he was, under the circumstances of the case, decreed a conveyance .upon his paying the value of the land at the time of the contract, instead of the value of the purchase money agreed upon, according to the scale of depreciation. White v. Atkinson, 2 Wash. 94, 1 Am. Dec. 470.
Sale in Fraud of Creditors, — It is no defence to an action for specific performance of a contract to convey land that the sale was made to prevent the vend- or’s creditors from collecting a debt. Gentry v. Gentry, 87 Va. 478, 12 S. E. Rep. 966. See Welfley v. Shen. Iron, etc., Co., 83 Va. 768, 3 S. E. Rep. 376.
Innocent Purchaser — Fraud of Owner. — An innocent purchaser who has paid the full price of the land according to the terms of his purchase will be allowed to compel the owner to convey title where such owner stood by and permitted the sale to him without claiming any interest. Stone v. Tyree, 30 W. Va. 687, 5 S. E. Rep. 878.
Agreement to Divide Purchased Property. — Two men, who are engagedinbuyinglandsin the same section of country, to avoid competition, and secure the lands at a reduced price, agreed that one shall buy for both, and that the land so purchased shall be divided between them according to certain well-known surveys. One retires from business, and the other goes on and buys the lands according to the agreement but takes the deeds in his own name. He afterwards transfers them to the third party, who promises to discharge the agreement to divide but afterwards refuses to do so. The court held that equity will enforce specific performance, of such agreement. Camden v. Dewing (W. Va.), 34 S. E. Rep. 911. See Zane v. Zane, 6 Munf. 406.
The fairness of a contract, like all its other ‘qualities, must be judged of at the time it wasfentered into. Fry on Specif. Perf. top p. 173, side p. 107; Boyd v. Oglesby, 23 Gratt. 674.
2. Hardships. — Specific performance being addressed to the sound discretion of the court, the party asking it must have been ready, willing and prompt in the performance of those things incumbent on him, and where he has not been so, and it would impose hardship and be inequitable upon the other party, specific performance will be refused. Dyer v. Duffy, 39 W. Va. 148, 19 S. E. Rep. 540, 24 L. R. A. 339; Bowles v. Woodson, 6 Gratt. 78; Powell v. Berry, 91 Va. 568, 22 S. E. Rep. 365; Ford v. Euker. 86 Va. 75, 9 S. E. Rep. 500.
Specific execution of an agreement will not be decreed at the instance of a party who has been in default, and where the specific execution would be injurious to the other party. Vailv. Nelson,-4 Rand. 478.
A specific execution will not be decreed where its operation would be harsh on any person concerned. Anthony v. Leftwich, 3 Rand. 238.
Every application for the specific execution of a contract is addressed to the sound discretion of the court, and the prayer of the bill will always.be denied, when to grant it would be inequitable towards those against whom the prayer is made. Bryan v. Lofftus, 1 Rob. 12, 39 Am. Dec. 242.
Contract Fair and Just in Its Inception. — A court of equity will not refuse the specific performance of a contract on the sole ground of hardship where it *644 appears that the 'contract, in its inception, was fairly and justly made, and that the hardship is the, result Of miscalculation, or is caused "by subsequent events,' or a'change of circumstances, and the party seeking performance is wholly without fault. Southern R. Co. v. Franklin & P. R. Co., 96 Va. 693, 32 S. E. Rep. 485, 44 L. R. A. 297.
3. Change or CmouMSTANCES. — The rule may he laid down' as general, applying to either the vendor or vendee, that where there has been a change of circumstances or relations which renders the exe-option of the contract a hardship to the defendant, and this change grows out of, or is accompanied by, an unéxcused delay on the part of the plaintiff, the change and’.delay together will constitute a sufficient'ground for denying a specific performance, when sought by the one thus in default. Darling v. Cumming, 92 Va. 521, 23 S. E. Rep. 880; Clark v. Hutsler, 96 Va. 73, 30 S. E. Rep. 469; Newberry v. French, 98 Va. 479, 36 S. E. Rep. 519; Garnett v. Macon, 6 Call 308, Fed. Cas. No. 5, 245; Christian v. Cabell, 22 Gratt. 82; Hendrick v. Gillespie, 25 Gratt. 181; Nat. Mut. Bldg. & Loan Ass’n v. Blair, 98 Va. 490, 36 S. E. Rep. 513.
Equity will not decree a specific execution of a contract where the applicant has been in default, and by the force of subsequent events and a change of circumstances, the execution of a contract would entail great loss and hardship upon the adverse party. Booten v. Scheffer, 21 Gratt. 474; Vail v. Nelson, 4 Rand. 478.
a. Change in Value of Cuhject-Afalter. — 'Vhe principle is, that a very great change in the value of the article is a. serious objection to a decree for a specific performance, where the vendor is in fault, as it may affect,the arrangements of the vendee for a compliance, with the contract. Garnett v. Macon, 2 Brock. 185, 6 Call 308, Fed. Cas. No. 5, 245. See also, Griffin v. Cunningham, 19 Gratt. 571.
Increase in Value Caused by Delay. — For example, the'fact that one claiming the specific performance of a contract, by which he is to become a purchaser of real' estate, neglected to assert or claim his rights thereunder for two years after the death of the other'party, during which time the land greatly advanced in value, constitutes a sufficient ground for refusing to decree a specific performance. Darling v. Cumming, 92 Va. 521, 23 S. E. Rep. 880.
(i) Land Depreciated in Value. — The vendee will not be compelled after a long-continued default on the pairt of the vendor and his heir, during which time the latter would be unable to comply with his covenants, and during which the land has depreciated greatly in value, to a specific performance of his contract of purchase. -Bryan v. Lofftus, 1 Rob. 12, 39 Am. Dec. 242; Newberry v. French, 98 Va. 479, 36 S. E. Rep. 519; Rison v. Newberry, 90 Va. 513, 18 S. E. Rep. 916.
Delay of Thirty flonths. — Thus, where complainant contracted.to convey land to defendant, and delayed performance for 30 months, during which time the value of’ the property depreciated about one-half, he cannot have-specific performance of the contract, since the defendant will not be compelled to take the land in its depreciated condition. Newberry v. French' 98 Vá. 479, 36 S. E. Rep. 519.
Delay of More Than a Year. — So also where a vendor of land declines for over a year without sufficient reason, to carry out -his contract, he cannot, at the end of that time, after prices have fallen, ask for spécific performance thereof; Rison v. Newberry, 90 Va. 513, 18 S. E. Rep. 916.
Depreciation Alone Insufficient. — But the mere depreciation in the value in land without fault on the part of the vendor, is no reason for refusing him a decree for specific performance. Clark v. Hutzler, 96 Va. 73, 30 S. E. Rep. 469; Cent. Land Co. v. Johnston, 95 Va. 223, 28 S. E. Rep. 175.
G. COMPLAINANT MUST BE READY, DESIROUS, PROMPT AND EAGER — A party seeking-specific performance by a bill In equity must show himself to have been ready, desirous, prompt and eager to perform the contract ou his own part. The unreasonable delay of the purchaser which will pre-' elude a decree for specific performance In his behalf is dependent upon the circumstances of the particular case, and, if his conduct has indicated bad faith or a virtual abandonment of the contract it will deprive him of all just claim to equitable interposition. Clay v. Deskins, 36 W. Va. 350, 15 S. E. Rep. 85; Harrison v. Harrison, 36 W. Va. 556, 15 S. E. Rep. 87; Gish v. Jamison, 96 Va. 312, 31 S. E. Rep. 531; Darling v. Cumming, 92 Va. 521, 23 S. E. Rep. 880; Ford v. Euker, 86 Va. 75,9 S. E. Rep. 500; Powell v. Berry, 91 Va. 568, 22 S. E. Rep. 365; Dunsmore v. Lyle, 87 Va. 391, 12 S. E. Rep. 610; Bowles v. Woodson, 6 Gratt. 78; Wat. Spec. Perf. sec. 475. See also, monographic note on “Laches” appended to Peers v. Barnett, 12 Gratt. 410.
“No principle is better settled than that which requires that the party seeking specific performance, must have shown himself ready, prompt and eager to perform the contract on his part.” Powell v. Berry, 91 Va. 568, 22 S. E. Rep. 365.
“Certainly, a party seeking the aid of a court of equity to compel another to perform his contract, ought to show himself prompt and ready and willing to perform the contract on his part, and if performance by him is a condition precedent to the right to demand performance of the other, he ought to show such performance, or at least a tender of it.” Ayres v. Robins, 30 Gratt. 105, 116.
“He who seeks the exercise of this extraordinary jurisdiction must show a contract certain and definite in its terms; that he himself is in no default, but has performed his part of the agreement; or in the language of the judges, that he Is ‘ ready, desirous, prompt and eager’ to do so.” Cox v. Cox, 36 Gratt. 305.
Inability oí Defendant to Perform. — The absolute inability of a defendant to perform his contract at all when called upon by the court so to do, prevents a decree against him for its specific performance, even though the defendant intentionally rendered himself unable to perform the contract. Jones v. Tunis, 99 Va. 220, 37 S. E. Rep. 841; Hudson v. Max Meadows Land & Imp. Co., 99 Va. 537, 39 S. E. Rep. 215; Langford v. Taylor, 99 Va. 577, 39 S. E. Rep. 223.
Failure to Execute at Appointed Time. — Where a party who applies for a specific performance, has omitted to execute his part of the contract by the time appointed for that purpose, without being able to assign any sufficient justification or excuse for his delay, and where there is nothing in the conduct of the other party that amounts to an acquiescence in that delay, the court will not com-pela specific performance. Booten v. Scheffer, 21 Gratt. 474. See Keffer v. Grayson, 76 Va. 517.
Failure to Pay Purchase Honey. — Thus, where the vendee has failed to pay the purchase money for the second half of the property when It falls due, he is not entitled to have specific execution of the contract. Booten v. Scheffer, 21 Gratt. 474.
Assignment for Creditors. — After an assignment for
*645 the "benefit of creditors, the assignor and the majority in interest of the creditors entered into an agreement "by -which they transferred to defendant all the interest in the part they assigned, and the assignor agreed to execute by himself and wife a deed of the wife’s lands to the defendant, who was to become a surety for the payment of the debts due the creditors who should join in the agreement. The assignee delivered the property to the defendant, but the assignor’s wife refused to convey her land. The defendant held the property ten days, and then returned it to the assignee notifying the creditors that he would not pay the debts; upon the foregoing facts it was held that the agreement could not be specifically enforced against the defendant because the plaintiffs have not performed, and are not able to perform such contract on their part. Henking v. Anderson, 34 W. Va. 709, 12 S. E. Rep. 869.
H. CONSIDERATION. — Where there is neither a valuable nor a meritorious consideration to support an agreement, equity cannot decree specific execution. Reed v. Vannorsdaie, 2 Leigh 569; Darlington v. McCoole, 1 Leigh 26. See opinion of Judge Burks in Burkholder v. Ludlam, 30 Gratt 255. See generally, monographic note on “Consideration” appended to Jones v. Obenchain, 10 Gratt. 259.
For example, Mr. Fry lays down the principle thus broadly: “It must be observed that the court will never lend its assistance to enforce the specific execution of contracts which are voluntary, or where no consideration emanates from the party seeking performance, even though they may have the legal consideration of a seal; and this principle applies whether the contract insisted on be in the form of an agreement, a covenant, or a settlement.” Fry. Spec. Perf., p. 71. Quoted in Harrison v. Harrison, 36 W. Va. 556, 15 S. E. Rep. 87.
Love and Affection. — Love and affection is not enough of itself to warrant a decree for specific performance. Keffer v. Grayson, 76 Va. 517, 44 Am. Rep. 171.
Performance of Legal Obligation. — Payment, or the promise of payment, of a subsisting debt is not a sufficient consideration to authorize a court of equity to grant a decree of specific performance of a contract to convey land. Smith v. Phillips, 77 Va. 548.
It was held in Williams v. Lewis, 5 Leigh 686, that where A agreed to give B a part of his (A’s) survey if 13 would abandon his settlement, such agreement is founded on a sufficient and valuable enough consideration to support a bill by B against A for specific execution of the agreement.
Consideration Never Paid. — Specific performance of a contract to convey land, brought by. one who has been for thirty years in possession of the land under contract will not be enforced, where the evidence shows that the consideration for the conveyance has never been paid. Showalter v. Hambrick, 2 Va. Dec. 402.
I. Inadequacy oe Consideration. — Where there is no unfairness in the sale of land by private parties, specific performance will not be denied for inadequacy of price alone, unless it be so grossly inadequate as to j ustify the presumption of fraud and collusion; and to justify this presumption the inadequacy must be so gross as to shock the conscience and confound the judgment of any man of common sense. Conaway v. Sweeney, 24 W. Va. 643; Bradford v. McConihay, 15 W. Va. 732; Stearns v. Beckham, 31 Gratt. 379; Hale v. Wilkinson, 21 Gratt. 75, and note. See generally, monographic note on “Consideration” appended to Jones v. Obenchain, 10 Gratt. 259.
inadequacy Combined with Fraud, etc. — But inadequacy of consideration when combined with fraud,. misrepresentation, studied suppression of the true value of the property or any circumstances of oppression is a material ingredient in the case affecting the discretion of the court in granting or refusing a specific performance. Conaway v. Sweeney, 24 W. Va. 643; Stearns v. Beckham, 31 Gratt 389.
Contract Unreasonable. — Although mere inadequacy of price is not sufficient ground for a court of equity to refuse its assistance, yet if an unreasonable contract be not performed according to its letter, equity will not interfere. And there is no difference between a contract, unreasonable when made, and one which becomes so afterwards, if the. applicant be in fault. Garnett v. Macon, 2 Brock. 185, 6 Call 308, Fed. Cas. No. 5,245.
Illustrations. — Where a vendor sold land during the civil war to a vendee for confederate money, • which was paid, but no deed made, and after the war the vendee sued the vendor for specific execution of the contract, it was held that the contract would be enforced, if there be no objection but inadequacy of price. Talley v. Robinson, 22 Gratt. 888.
Price Double Value oí Land. — In a case for the specific execution of a contract for the sale of land, though it appears that the price contracted to be given for the land was double its value, yet as the purchaser was fully competent to contract, and there was no fiduciary relationship between him and the vendor, and very brief acquaintance, and the purchaser made his own examinaton of the land, though, it was mostly covered with snow, in the absence of all fraudulent representations on the part of the vendor the contract will be enforced. White v. McGannon, 29 Gratt. 511.
Half Estimated Value. — Half the estimated value of land contracted to be sold, is not such inadequacy as will defeat specific performance. Conaway v. Sweeney, 24 W. Va. 643.
inadequacy Must Exist at Time of Sale. — The inadequacy of price which will operate to prevent the specific performance of a contract, must be inadequacy at the time of the sale. Hale v. Wilkinson, 21 Gratt. 75, and note.
1. WAIVER AND ABANDONMENT — Oral waiver or abandonment of an oral contract for the purchase of land will, in equity, defeat specific performance asked by the purchaser, if possession be surrendered to the vendor, and not otherwise. Cunningham v. Cunningham, 46 W. Va. 1, 32 S. E. Rep. 998.
Changing Terms of Contract. — Where the plaintiff agreed to buy and the defendant to sell a certain lot, and afterwards they agreed that the lot and another should be sold by defendant to the plaintiff’s son at a different price with the right to a re-conveyance to the defendant of the second lot, within a given time, it was held, that the first contract was waived, and a specific performance could not be decreed. Ford v. Euker, 86 Va. 75, 9 S. E. Rep. 500.
In one case, a defendant’s wife having refused her assent to the sale, defendant refused to proceed further. Plaintiff then sued for damages, and, after nearly two years, and after the land had increased in value, and improvements had been made thereon, sued for specific performance, offering to take a deed subject to the contingent dower *646 rights of the defendant’s wife. But the court held that the right to specific performance was waived. Ford v. Euker, 86 Va. 75, 9 S. E. Rep. 500.
Vendee in Possession Defeats Suit. — Where a vendee of land in possession paid part of the purchase money under the contract, hut, on being sued for the residue by the vendor, pleaded the statute of frauds to the action, and thereby defeated the suit, it was held, that this was an abandonment of the contract, and that he, was not entitled to a specific execution of it, but thathe was entitled to have the money which he had paid refunded to him. Payne v. Graves, 5 Leigh 561.
In such case the vendee will be required to account for the rents and profits received by him from the land, the amount to be deducted from the money paid by him ; and if it exceeds the sum so paid, he will be decreed to pay the excess to the vendor. Payne v. Graves, 5 Leigh 561.
Waiver ilust Be Clear and Positive. — But an oral waiver of a contract, oral or written, to defeat specific performance sought by the purchaser, must be clear, positive, and above suspicion, and besides, cannot be proven by mere loose, casual conversations. Cunningham v. Cunningham, 46 W. Va. 1, 32 S. E. Rep. 998.
J. RESCISSION. — Mere oral rescission of an oral or written contract for the sale of land does not devest the party of his estates, or bar him of specific performance, without destruction of the written contract, or, if oral, surrender of possession. Cunningham v. Cunningham, 46 W. Va. 1, 32 S. E. Rep. 998.
K. MERGER. — Where, after execution of a contract to grant to a railroad company a right of way across land, in consideration of which the company stipulated to perform certain acts, a deed of the right of way was executed, containing different stipulations, the contract is merged in the deed, and cannot be specifically enforced. Shenandoah Val. R. Co. v. Dunlop, 86 Va. 346, 10 S. E. Rep. 239.
VII. DUTY OF COMPLAINANT.
A. TENDER OF DEED WITH BILL — Ordinarily, it is not essential that the plaintiff, in a suit for the specific execution of a contract for the sale of land, should tender with his bill a deed to the defendant for the land, even when the execution of the deed and the payment of the purchase money are dependent covenants. Vaught v. Cain, 31 W. Va. 424, 7 S. E. Rep. 9; Tavenner v. Barrett, 21 W. Va. 656; White v. Dobson, 17 Gratt. 262. Compare Wood v. Walker, 92 Va. 24, 22 S. E. Rep. 523.
Interlocutory Decree. — in an interlocutory decree against a purchaser of land to enforce specific performance of the contract, it is not error that it does not direct a deed to be made and tendered to him. Goddin v. Vaughn, 14 Gratt. 102.
■ Vendor Notifies Vendee That He Will Not Fulfill Contract. — When a vendor of land has notified the purchaser that he will not fulfill the contract, the purchaser may file a bill for a specific execution of it without making a tender to the vendor of the securities provided for therein. White v. Dobson, 17 Gratt. 262.
Acknowledgment of Married Woman Dated after Suit. — A bill filed by a married woman and her husband for the specific performance of a contract for the sale of land belonging to the female plaintiff, is not demurrable simply because it appears upon the face of the deed tendered with the bill that the acknowledgment is dated after the suit had been commenced. Vaught v. Cain, 31 W. Va. 424, 7 S. E. Rep. 9. The court, in this case, said further: “Whatever may be the rule of pleading in regard to dependent covenants in courts of law, it is well settled in cases of this character in courts of equity that it will not make the bill demurrable merely because the plaintiff fails to tender with his bill for specific performance a sufficient, or any, deed for the land.”
Ability and Willingness of Vendor to Convey Titie.— On the other hand, a bill filed by a vendor of real estate against his vendee, to enforce specific execution of the contract of salé, which does not tender a deed of conveyance, and which does not allege the ability and willingness of the .vendor to convey a sufficient title, is bad on demurrer. Such bill should allege the facts constituting performance on the part of the vendor, and a sufficient deed of conveyance should be tendered with the bill. Wood v. Walker, 92 Va. 24, 22 S. E. Rep. 523.
One who seeks to compel another to fulfill a contract of purchase is required to plead and prove his ability and willingness to convey by a sufficient title the entire property which he has agreed to convey, anda tender of a sufficient deed thereto. This deed must be brought into court and a tender of it kept good until the suit has been determined. Wood v. Walker, 92 Va. 24, 22 S. E. Rep. 523, citing 22 Am. & Eng. Enc. Law, pp. 1039, 1040.
A vendor who; together with his deed to the vendee, tenders and stands ready to record, when the sale is closed, releases of mortgages against property he is to convey unincumbered, need not record them to compel specific performance of the vendee’s contract. Clark v. Hutzler, 96 Va. 73, 30 S. E. Rep. 469.
VIII. PLEADING AND PRACTICE.
A. JURISDICTION.
1. Adequate Remedy at Law. — It is the general rule that courts of chancery will entertain suits for specific performance of agreements whenever the law courts will not afford an adequate remedy, whether the agreements relate to land or to specific chattels having some special value to the owner above any pecuniary estimate. Campbell v. Rust, 85 Va. 653, 8 S. E. Rep. 664; Stuart v. Pennis, 91 Va. 688, 22 S. E. Rep. 509; Burke v. Plarke, 5 W. Va. 122; Hissam v. Parrish, 41 W. Va. 686, 24 S. E. Rep. 600, 56 Am. St. Rep. 892. See opinion of Green, J., in Allen v. Freeland, 3 Rand. 175.
In Ayres v. Robins, 30 Gratt. 105, it was held that a vendor might file his bill in equity for specific performance of the contract, and though he might have sued at law for the balance of the purchase money, that would not have afforded a remedy against the land.
Inability of Law Court to Give Conditional or flodi-fied Judgment. — Whenever the remedy at law would be incomplete and inadequate because the court of law cannot give a conditional or modified judgment, and would be unable to preserve the benefit of the agreement to all the parties interested, equity has jurisdiction to enforce the agreement. Bumgardner v. Leavitt, 35 W. Va. 194, 13 S. E. Rep. 67.
2. Decree Must Be Enforceable by ordinary Processes of Court —It is a familiar doctrine that a court of equity will not exercise its jurisdiction to grant the remedy of an affirmative specific performance, however inadequate may be the remedy of damages, whenever the contract is of such nature that the decree for its specific performance *647 cannot be enforced, and its obedience compelled by the ordinary processes of the court. Knott v. Shepherdstown Mfg. Co., 30 W. Va. 790, 5 S. E. Rep. 266.
Whiskey in United States Warehouses. — Thus the specific performance of a contract of sale of whiskey, stored in a United States warehouse, will not be decreed, since the court cannot enforce its decree for the transfer of the property. Langford v. Taylor, 99 Va. 577, 39 S. E. Rep. 223.
3. Penalty on Forfeiture. — In a proper case, a court of equity delights specifically to enforce contracts where the parties have no other remedy, or the remedy afforded elsewhere is less complete or satisfactory, but it will neither enforce a penalty or a forfeiture, nor permit it to be enforced in a court of law. Ewing v. Litchfield, 91 Va. 575, 22 S. E. Rep. 362.
4. Test of Jurisdiction in Respect to Personal Covenants.“-The test of equitable jurisdiction in respect to the enforcement of personal covenants, is the inadequacy of the legal remedy of damages in the class of contracts to which the particular instance belongs. Knott v. Shepherdstown Mfg. Co., 30 W. Va. 790, 5 S. E. Rep. 266.
5. Jurisdiction to Enforce Award. — A court of equity has jurisdiction to enforce the specific execution of an award, which involves the conveyance of land, or to enforce the specific execution of an agreement for the sale of land which involves incidentally the enforcement of an award for the payment of money. Wood v. Shepherd, 2 Pat. & H 442. See ante. this note, “Awards.”
6. Conveyance of Land in Another State. — A person, being within the commonwealth, may be decreed to execute a conveyance for lands lying in another state. Guerrant v. Fowler, 1 Hen. & M. 5; Farley v. Shippen, Wythe 254; Hughes v. Hall, 5 Munf. 431.
7. Personal Decree against Foreign Corporation. — In West Virginia a personal decree may be rendered for a specific performance against a foreign corporation upon which actual service has. been had within the state under the provisions of the statute. Shafer v. O’Brien, 31 W. Va. 601, 8 S. E. Rep. 298.
B. PARTIES.
1. In General. — “The general doctrine, as supported by the weight of American authorities, is that all i)ersons who are interested in the enforcement of the contract must be, and all those directly and specifically interested in the subject-matter may be, joined as parties to the suit for the specific performance.” Pom. on Cont. sec. 483. Quoted in Hudson v. Max Meadows, L. & I. Co., 97 Va. 341, 33 S. E. Rep. 586.
2. Necessary and Proper parties.
Heirs Necessary Parties. — Where a bill is filed for the specific performance of a contract for the sale of a tract of land, and the vendor of the land has died since the date of the contract, and before the institution of the suit, his heirs at law are necessary parties to the suit. Gallatin Land, etc., Co. v. Davis, 44 W. Va. 109, 28 S. E. Rep. 747.
Heir or Devisee Necessary Party to Bill by Executor. —To the bill of an executor to obtain specific execution of a contract for the sale of land, the heir, upon whom the legal title descended, or the devisee to ■whom, by the will, it was given, should be a party. Not only because he is primarily interested in the matter of the suit, but because, unless he is a party, the title in him cannot be divested and conferred on the purchaser, it is indispensable that he should be before the court. Capehart v. Hale, 6 W. Va. 548.
Personal Representative of Deceased Vendor. — In a suit by the vendee against the heirs of the vendor, to compel the conveyance by deed of land sold by the vendor, in his lifetime, to the vendee, generally, the personal representative of the deceased vendor is a necessary and proper party to the cause. Hill v. Proctor, 10 W. Va. 59. See also, Steenrod v. Railroad Co., 27 W. Va. 1.
Third Persons. — So also, third persons claiming title paramount to part of the land, whose claims the plaintiff disputes, must be made parties to a bill by the vendor against his vendee, so that a proper decree may be entered protecting the rights of all concerned. Heavner v. Morgan, 30 W. Va. 335, 4 S. E. Rep. 406.
Infants. — And in a suit by the vendee for specific performance of a contract to convey land, an infant, to whom part of the purchase-money notes were, by the direction of the vendor, made payable, is a proper party. Gentry v. Gentry, 87 Va. 478, 12 S. E. Rep. 966.
Holder of Deed in Escrow. — So where a party holds an instrument of writing as the mutual friend of both parties, or a deed as an escrow, and refuses to deliver the same, he is a proper party to a bill for a specific performance of the instrument, or the terms of the deed. Davis v. Henry, 4 W. Va. 571.
Vendee or Representative. — If a derivative purchaser, by assignment of a title bond, files his bill against the vendor for specific conveyance, the first purchaser or his representatives ought to be made parties. Hoover v. Donally, 3 H. & M. 316; Lewis v. Madisons, 1 Munf. 303.
Assignee of Part of Purchase Money. — On a bill for specific performance, it is proper to make a party defendant one to whom an interest in a portion of the purchase money has been assigned. Having an equitable interest he is in a situation to be affected by the decree of the court. Davis v. Henry, 4 W. Va. 571.
Husband and Wife. — The heirs of H file a bill to enforce the execution of a contract for the exchange of lands, made between H., in his lifetime, and O. The bill alleges that II. derived title to one-ninth part of one of the tracts so exchanged, from one W. and wife, by deed of conveyance, which was burned up and never admitted to record. It is held on demurrer that W. and wife are necessary parties, because it was necessary for the purpose of the bill to set up the conveyance from them. Callihan v. Hall, 4 W. Va. 531.
3. Unnecessary and Improper Parties.
Adverse Claimants of Title. — But in a suit for specific performance of a contract for a sale of land persons claiminghostile and distinct titles adversely to the title sold by the vendors to the vendee are neither necessary nor proper parties, as equity will not settle conflicting titles to land where the plaintiff has no equity against the person claiming adversely. Miller v. Morrison (W. Va.), 35 S. E. Rep. 905; Heavner v. Morgan, 30 W. Va. 335, 4 S. E. Rep. 406 (syl. point 2), disapproved. See Lange v. Jones, 5 Leigh 192.
Strangers.
General Rule. -As a general rule, strangers to a contract for the sale of land are not necessary parties, and are often improper parties, to a suit for specific performance. Hudson v. Max Meadows Land & Imp. Co., 97 Va. 341, 33 S. E. Rep. 586.
Widow and Heirs. — In Stimson v. Thorn, 25 Gratt. *648 278, the widow and heirs of one of the vendors of the real estate, which was the subject of the' controversy, were brought in and made parties to the bill, although they were not parties to the contract on-which the suit was brought, and specific performance was decreed because it appeared at the hearing that the vendor was in a position to convey a good title.
Exception to General Rule.
Encumbrancers. — But the rule that strangers to a contract for the sale of land are unnecessary and often improper parties, to a suit for specific performance, is subject to the exception, that encum-brancers are proper parties, even at the suit of the vendor, if by making them parties the title to the land can be cleared in a reasonable time and without injury to the vendee. Hudson v. Max Meadows Land & Imp. Co., 97 Va. 341, 33 S. E. Rep. 586; Garnett v. Macon, 6 Call 308, Fed. Cas. No. 5,245.
Thus in the case of Garnett v. Macon, 6 Call 308, Fed. Cas. No. 5,245, Campbell, a stranger to the contract, and the holder of a lien on the property in question, the validity of which was denied, was made a party defendant, and it was held he was a proper party. In the opinion of Chief Justice Marshall it was said : ‘ ‘All parties are now before this court, and if a specific performance should be decreed the title which can be made to Macon will undoubtedly stand clear of Campbell’s lien ; the question, therefore, is whether the contract ought now to be enforced.”
It was clearly indicated in that case that when it is necessary to bring parties holding alien upon the subject-matter of the controversy in a suit for specific performance, so that the court mightbe put in the position to enable it to specifically enforce a contract, without injury to either party thereto, this should be done, and that where there is a cloud on the title, or the legal title is outstanding, or if there are encumbrances, the parties interested may be brought before the court, and the rights of all determined.
Agents. — An agent for the purchase or sale of an estate, though he transact the business in his own name, is generally not a proper party to a suit brought for the specific execution of the contract of sale or purchase. But if he is an agent to sell, and makes the sale, and takes of the purchaser bonds for the purchase money payable to himself, and these bonds are secured by a deed of trust executed by the purchaser conveying other lands of his to secure such-bonds, then in a suit brought by the vendor to enforce specifically such contract, and to enforce the collection of such purchase-money bond, such agent must be made a party either plaintiff or defendant, for in such case he is not simply an agent, but he is a trustee holding the legal title to such bonds for the use of the real vendor of the land. Tavenner v. Barrett, 21 W. Va. 657.
May Be Made Co-plaintiff with Vendor, or Defendant with Vendee. — in such case such agent or trustee may be made a co-plaintiff with the vendor, or he may be made a defendant with the vendee, the vendor being made the sole plaintiff. Tavenner v. Barrett, 21 W. Va. 656.
How Objection to Improper Joinder Made. — If. however, the fact was, that such agent was not a trustee, but a mere agent, and could not properly be made a party to a suit for specific performance, but was improperly made a co-plaintiff with the vendor, the objection to such impropriety of proceedings would properly be made by a demurrer to the whole bill. Tavenner v. Barrett, 21 W. Va. 656.
4. Privies. — ‘‘The general rule, unquestionably, is, that there can be no decree for specific performance, except between the parties themselves, or those claiming under them in privity of estate, or of representation, or of title; for a contract can only be enforced between the parties themselves, or their representatives in interest.” Hoover v. Calhoun, 16 Gratt. 109.
Instances Where Privies Have Been Bound. — In McKee v. Barley, 11 Gratt. 340, A and B were copar-ceners. Without authority from B, A conveyed a portion of the land to C, using B’s name in the deed. Afterwards A and B conveyed the whole land to D, who had notice of a previous conveyance to C. C sued D, setting upon his deed as an agreement for the conveyance of the piece of land described in his deed, and prayed for a specific enforcement and it was granted.
Party Claiming under Vendee. — A party claiming under a vendee in a contract for the sale of land is entitled to specific performance. Nash v. Jones, 41 W. Va. 769, 24 S. E. Rep. 592.
It was held in Hoover v. Calhoun, 16 Gratt. 109, that a wife cannot, after the death of her husband who has contracted for the sale of her land, describing it as his, enforce specific performance by the purchaser for her own benefit.
5. Who May Maintain Suit.
Assignees. — The assignee for value of a note given for the purchase money of land, may maintain a suit against his assignor, the vendor, and the vendee, for a specific performance of the contract, where the vendor retained the title as security, and to subject the land to the satisfaction of his claim. Hanna v. Wilson, 3 Gratt. 243, 46 Am. Dec. 190.
‘ Heirs. — if a specific performance or rescission of a contract for the purchase of land is sought after the death of the vendee, the heirs and not the personal representatives must bring the suit. Bier v. Smith, 25 W. Va. 830.
6. Joinder.
Vendor and Vendee. — The vendor and the vendee may be joined as defendants in a suit by the assignee of the purchase-money note. Hanna v. Wilson, 3 Gratt. 243.
Trustees or Cestuis Que Trust. — In Goddin v. Vaughn, 14 Gratt. 102, it was held that the omission to join the trustees or the cestuis <tue trust named in the deed, if error, was not an error of which the respondent could claim.
Joinder of Original Vendor. — la a suit to recover a tract of land against a vendee, on the ground that the vendor had' previously agreed to convey the same land, in a certain event, to the plaintiff, the vendor or his legal representative should be joined. Lewis v. Madisons, 1 Munf. 303.
O. BILL.
1. In General. — Bills for specific performance of contracts for the sale of land must show that there were concluded between the parties written and signed contracts that are reasonable, clear and definite both as to terms and subject-matter, and mutual in obligation and remedy and the same must be proved as alleged. Edichal Bullion Co. v. Columbia Gold Mining Co., 87 Va. 641, 13 S. E. Rep. 100.
2. Contracts with Agents. — A bill for specific performance of a contract made with an • agent must, on its face, distinctly state the contract that was made, and show when, where, how, and by *649 whom it was made; and that the persons mating it had authority to "bind the company. Haden v. Farmers’, etc., Ass'n, 80 Va. 683; Haskin v. Ag. F. Ins. Co., 78 Va. 700; Edichal Bullion Co. v. Columbia Gold Mining Co., 87 Va. 641, 13 S. E. Rep. 100.
And if the evidence is conflicting:, and it is not clear that a contract was in fact made, a hill for specific performance will he dismissed. Haskin v Ins. Co.. 78 Va. 700; Gallagher v. Gallagher, 31 W. Va. 9, 5 S. E. Rep. 297.
3. Averments op Ability or Wjllingness to Pay. — Where, in a hill for specific performance, the complainants nowhere aver either their ability or willingness to pay promptly and at once their purchase money, which was long overdue, and where there is no evidence in the cause to prove either their ability or inclination to make such payment, the relief prayed for ought not to he granted. Clay v. Deskins, 36 W. Va. 350, 15 S. E. Rep. 85.
4. Contracts por Sale of Personalty. — To entitle a complainant to specific performance of a contract for the sale of personal property possessing no pretium affectionis, his hill must not only allege an irreparable inj ury, hut must set up a state of circumstances which, if true, show that the injury would he irreparable. Bangford v. Taylor, 99 Va. 577, 39 S. E. Rep. 223.
o. Consideration. — When a party who has made and signed a contract in writing for the sale of land, sues a purchaser for specific execution, in order to enforce a sale of the land and application of the proceeds to the satisfaction of the consideration, he should allege that the defendant promised or agreed to pay the consideration. Capehart v. Hale, 6 W. Va. 548.
6. Statute op Frauds. — A vendor suing to enforce a written agreement for the conveyance of land, signed by himself, need not allege that the defendant's contract or agreement to pay the consideration was in writing and signed by the defendant. Capehart v. Hale, 6 W. Va. 547.
But if the defendant, by answer, denies the promise or agreement, on his part, or if, by plea or answer, he admits the contract, but relies on its not having been in writing and signed by him, the plaintiff must prove that the contract was made in writing and signed by the defendant. Capehart v. Hale, 6 W. Va. 548.
7. Demand.
a. May He ¿Set V#m Answer to Bill for Pa?'tUion. — Th.e demand for specific performance may be set up in an answer to a bill asking partition, but it is still an application for equitable aid, and is to be governed by settled rules appropriate to bills for specific performance. Booten v. Scheffer, 21 Gratt. 474; Lightner v. Bightner, 2 Va. Dec. 258.
8. Hlaintipp’s Title. — It is not necessary that the bill lor a specific performance filed by a vendor should show that he had a valid legal title to the land sold ; on the contrary, the bill could not be demurred to though it appeared on the face of the bill, that he not only did not have a good legal title to the land, but that he had not any title legal or equitable to a portion of the land, and that he never could acquire a good title thereto, provided this portion was an insignificant part of the land sold, as the court would in such case decree specific performance with compensation. Tavenner v. Barrett, 21 W. Va. 656; Vaught v. Cain, 31 W. Va. 424, 7 S. E. Rep. 9.
Rule When Answer Clearly Shows Defects. — But where a vendor files his bill to subject land for the payment of purchase money, and the vendee answers and says that several portions of the land are held by others, naming them, by title paramount, and shows, in his answer, that the grounds on which such third persons claim portions of the land are such as would put a reasonable man in just apprehension of losing his land, the plaintiff, if he does not concede this, must amend his bill, and set out specifically all the facts within his knowledge with reference to the claim of such third parties; and if he insists that his own title is good, and the land is his, then he must make such third person, whose claims he disputes, defendants to the bill, so that a proper decree may be entered, protecting the rights of all parties interested. Heavner v. Morgan. 30 W. Va. 335, 4 S. E. Rep. 406.
9. Defendant’s Ability to Perform. — A bill in equity will not lie to compel the delivery of bonds secured by one mortgage when the contract set out in the bill and sought to be enforced shows that the bonds contracted for were secured by a prior mortgage which has been cancelled, and that the bonds secured thereby have been destroyed, thus rendering specific performance impossible. Roanoke Street Railway Co. v. Hicks, 96 Va. 510. 32 S. E. Rep. 295.
10. Variance. — It is well settled that a party coming into a court of equity asking for the specific execution of a contract, muststate his contract with reasonable certainty, and prove it as stated; and if there be any material difference between the allegations and the proofs, the court may dismiss the bill, and leave the parties to their remedies at law. McComas v. Easley, 21 Gratt. 23; Anthony v. Leftwich, 3 Rand. 238; Westfall v. Cottrills, 24 W. Va. 763; Baldenburg v. Warden, 14 W. Va. 397; Haskin v. Ins. Co., 78 Va. 700.
If the contract proved differs from that pleaded, specific performance will be denied. Hissam v. Parrish, 41 W. Va. 686, 24 S. E. Rep. 600, 56 Am. St. Rep. 892.
Upon a bill for specific execution of an agreement, the agreement alleged in the bill must be proved by the evidence, and specific execution can only be decreed of the same agreement so alleged and proved; and it is error to decree specific execution oí a different contract. Pigg v. Corder, 12 Beigh 69.
Illustrations of Rule — For example, where the bill, in an action against a city for specific performance, alleges a contract with the defendant for the sale to the plaintiff of the property in fee, and it appears that the plaintiff’s offer to the city council, which it is alleged was accepted, wa£ to purchase “the right to erect a building” on such property, specific performance cannot be decreed. Beal v. City of Roanoke, 90 Va. 77, 17 S. E. Rep. 738.
Where the answer to a bill for specific performance denies all the grounds of equity set up in the bill, and the averments of the bill are not supported by proof, the bill should be dismissed, and the plaintiff left to his remedy at law. Bangford v. Taylor, 99 Va. 577, 39 S. E. Rep. 223.
Slight Variance. — Although the rule is, that the alleoata and probata ought to correspond, yet a court of equity should always incline to get over form, in favor of substance, where the case in proof is such as would, if properly set forth in the bill, entitle the plaintiff to a decree; especially, if the defendants do not pretend to disprove the agreement alleged, or to prove one different, but say in their answer that they are willing to yield to the proof of any agreement, which the plaintiff can establish. *650 Zane v. Zane, 6 Munf. 406. See Anthony v. Leftwich, 3 Rand. 238.
When Contract Enforced as Proved. — But where the contract between the parties is different from the contract set up in the bill, and the true contract proved by the defendant, the court ought generally not to dismiss the bill, but decree specific performance of the contract as proved where it will produce neither hardship nor injustice to the parties. McComas v. Easley, 21 Gratt. 23; West Virginia O. & O. L. Co. v. Vinal, 14 W. Va. 640; Baldenberg v. Warden, 14 W. Va. 397.
a. Election between Enforcement or Rescission.— Where a different contract is' stated in the answer, and is sustained by the evidence, the bill may be dismissed, or the court may, in a proper case, give to the plaintiff the election to have the contract as proved enforced, or to have it rescinded. McComas v. Easley, 21 Gratt. 23, and note.
But where the contract proved varies from that set up in the bill, and the contract proved is clear and certain in its terms and is such as the court of equity might properly enforce and the court below decrees' a specific execution of the contract, set out in the bill, the decree must be reversed; but the appellate court will not dismiss the bill but will remand the cause to the court below, to put the plaintiff to his election, either to have a specific execution of the “contract as proved,” or to have the same rescinded, and the parties put in statu quo. Baldenberg v. Warden, 14 W. Va. 397.
Where the plaintiff asks for specific performance of a parol contract relating to real estate, and the defendant avers that the terms of the contracts were other than as alleged in the bill, and the evidence established a contract differing materially from that set forth in the bill or answer, the court may, with the consent of the plaintiff, decree specific performance of the contract as proved, or rescind and put the parties in statu quo. The defendant cannot object that the order is a surprise. W. Va. O. & O. L. Co. v. Vinal, 14 W. Va. 637.
11. Amendments.
Rescission. — Where it appears in the progress of the suit upon a bill filed for the specific execution of a contract for an exchange of lands that the defendant cannot comply with the contract, the plaintiff may be allowed to amend his bill and to ask for a rescission of the contract. Perry v. Clarke, 77 Va. 397; Parrill v. McKinley, 9 Gratt. 1; Belton v. Apperson, 26 Gratt. 217. See generally, monographic note on "Amended Bills” appended to Belton v. Apperson, 26 Gratt. 207.
But when, by the conduct of him thus amending and asking rescission, the specific performance of the contract has become impossible, rescission will be denied. Perry v. Clarke, 77 Va. 397.
Compensation for Improvements. — In Anthony v. Leftwich, 3 Rand. 238, the bill was for specific execution, but the court was of opinion, on the pleading and evidence, that it was not a case for specific performance, but allowed an amended bill to claim compensation for improvement put on the land by the purchaser.
Where a bill in equity is filed alleging a contract for the sale of land, but admitting that the contract is so imperfect as not to be capable of specific performance, and asking repayment of the purchase money and compensation for improvements, no decree of specific performance can be made on such bill without an amended bill asking that relief. Rosenour v. Rosenour (W. Va.), 35 S. E. Rep. 918.
D. REPERENCE TO ASCERTAIN TITLE.
Statement of General Rule. — Where suit is brought by a vendor to enforce the payments of purchase money under an executory contract for the sale of land, and defendant alleges a defect of title in the vendor, he may have a reference to ascertain the character of the title, or the court may, where the proof raises a doubt as to title, make such reference ; but unless such reference be asked by the vendee, or such 'doubt appears, a reference is not necessary, and the court may proceed to subject the land for the purchase money. Core v. Wigner, 32 W. Va. 277, 9 S. E. Rep. 36; Middleton v. Selby, 19 W. Va. 168; Hudson v. Max Meadows L. & I. Co., 97 Va. 341, 33 S. E. Rep. 586; Jackson v. Ligon, 3 Leigh 101.
Where a bill in equity is exhibited by the vendor of land, against the purchaser for specific performance; if the purchaser objects to the title, and it appear doubtful whether the plaintiff can make such a title as will authorize a decree for specific performance, or other relief, on giving bond to guard against remote or improbable contingencies, the title ought, of course, to be referred to a commissioner to be examined and reported upon. Beverley v. Lawson, 3 Munf. 317.
In the case of Jackson v. Ligon, 3 Leigh 161, the court clearly recognized the rule that the court would not deny specific performance of a contra.ct before a reference to ascertain the state of the title to the property in controversy, or decree specific performance without inquiry as to the state of the title, if it appeared necessary.
Where Title Is Question of Law. — Where the facts are all before the court, and the obj ection to the title to land purchased is a question of law, it is unnecessary to refer the title to a commissioner. Goddin v. Vaughn, 14 Gratt. 102; Jackson v. Ligon, 3 Leigh 161, 180, opinion of Carr, J.
Where the question as to the vendor’s title is a mere question of law, and neither -party asks a reference, the court ought not to make a reference, and on appeal the appellate court should base its decree on the case made in the court-below and should not refer the question of title or give time to perfect it. Jackson v. Ligon, 3 Leigh 161.
Waiver of Objection to Title. — Where the contract is for the exchange of lands, and the title of each party is set out in the pleading, a reference will not be ordered where it appears that the defendant has accepted a payment in pursuance of the contract after filing his answer, though the defendant by his answer objected to the plaintiff’s title, a specific performance will be ordered. Stovall v. London, 5 Munf. 299. See Goddin v. Vaughn, 14 Gratt. 102, 125. Although in Stovall v. London, 5 Munf. 299, and Legrand v. Hampden-Sidney College, 5 Munf. 327, a decree was rendered without referring the title to a master commissioner to enquire and report upon its sufficiency, yet in these cases there seems to have been no special occasion for the interposition of a master, and nothing was said by the court in either case, indicative of any disapproval of the practice.
But where the title is doubtful and obscure or dependent upon matters in pais, as in the case of Beverley v. Lawson, 3 Munf. 317, a reference may be very proper and necessary.
Application Must Be Made for Reference. — Where a suit is brought for the specific execution of a verbal contract for the sale of land against the purchaser, he is entitled upon application to have the matter referred to a commissioner to be reported upon, or *651 the court may. where the plea raises doubt as to the title, refer that matter to a commissioner; but unless such application be made, or such doubt appear, such reference is not necessary. Middleton v. Selby, 19 W. Va. 168; Jackson v. Ligon, 3 Leigh 161; Core v. Wiener, 32 W. Va. 277, 9 S. E. Rep. 36.
English Rule. — In England, upon a bill for specific performance, either party may have a reference as to title. 1 Sugd. Vend. (Ed. 1843) 337. The practice, however, has not generally obtained to this extent with us. And even according to the English practice, where the title is clear, no reference is necessary. Goddin v. Vaughn, 14 Gratt. 102, opinion of Judge Lee.
E. DECREE.
1. RETAINING Jurisdiction to Do Complete Equity. — Where a court has once acquired jurisdiction on the ground of specific performance, it may go on to a complete adjudication, even to the extent of establishing legal rights and granting legal remedies, which would otherwise be beyond the scope of its authority. Grubb v. Starkey, 90 Va. 831, 20 S. E. Rep. 784. citing Walters v. Farmers’ Bank, 76 Va. 12.
2. Entire Contract as Made by Parties Enforced. — On a bill for specific performance, the decree, if granting relief to the complainant, should provide for the carrying out of the entire contract as made by the parties. Rison v. Newberry, 90 Va. 513, 18 S. E. Rep. 916.
3. Decree Requiring Operation op Leased Road "Includes Branch. — A decree requiring the operation of a leased railroad may include a branch road owned by the lessee, which is essential to the operation of the other. Southern R. Co. v. Franklin & P. R. Co., 96 Va. 694, 32 S. E. Rep. 485, 44 L. R. A. 297.
4. Sale op Land to RaisiI Purchase Money. — If land be sold on a credit, a day being appointed when the purchaser is to give bond and security for the money, and the vendor to convey the land; andón the day appointed, the purchaser is ready with the bond and security, but the vendor is not ready to convey; on a bill afterwards brought by the vendor against the purchaser for specific performance, it is too rigorous to decree an absolute sale of the land, on a short notice, to raise the purchase money; but if it appears, on examination of the title, that the contract can, according to the principles of equity, be enforced on both sides, the decree should be, that the land be held bound for the purchase money, if bond and security for payment thereof be not given within a reasonable time after the title shall have been made, and approved of by the judge, and after the plaintiff shall have performed such other act as the court may enjoin upon him; and that, thereupon the land be sold, after allowing such further reasonable time to redeem the same, by payment of the debt and interest, as is customary in case of mortgages. Beverley v. Lawson, 3 Munf. 317. See also, Matthias v. Warrington, 89 Va. 533, 16 S. E. Rep. 662.
Decree for Payment of Purchase Money. — An agreement is in equity specifically performed wheu the parties are put in the state in which they would have been, if the agreement had been punctually performed, and the court will not decree a sale of the land, if the purchase money is not paid in a reasonable time, and a decree for the deficiency, if any, against the body or estate of the defendant, but will decree the defendant to pay the purchase money. Rose v. Nicholas, Wythe 268, followed in Cole v. Scott, Wythe 272.
Death of Vendee Pendente Lite — Revival against Heirs. — Where a suit is brought against a vendee for specific execution, and pending the suit he dies, and the same is revived against his heirs, they are not liable to a personal decree; the decree should merely be, that unless they pay the purchase money and interest within a period to be prescribed, the land shall be sold. Wade v. Greenwood, 2 Rob. 474, 40 Am. Dec. 759.
Decree Hust Reserve Vendor a Lien. — On a bill for specific performance exhibited by the devisee of the purchaser, the court, in decreeing the conveyance, ought to reserve to the vendor a lien on the land, to secure the payment of the purchase money. Hundley v. Lyons, 5 Munf. 342, 7 Am. Dec. 685.
Personal Decree against Married Woman for Return of Purchase Honey. — Where an administratrix entered into a personal agreement to sell a portion of her intestate's land to the plaintiff for a valuable consideration, which by such agreement under seal she acknowledges to have been paid to her, and possession was‘delivered in pursuance of the agreement, but subsequently finding herself unable to carry out the agreement she assumes to take the land back, and enter into possession of it, and promises to return the purchase money, it was held that in a suit for specific performance there is no error in rendering a personal decree against her for the purchase money with interest. Hall v. Wilkinson, 35 W. Va. 167, 12 S. E. Rep. 1118.
Balance of Purchase Money Charged on Land. — In Edwards v. Van Bibber, 1 Leigh 183, the chancellor refused to rescind the contract, but decreed specific execution, charging the balance of unpaid purchase money on the land, where the vendee and his heirs, failed to tender the last payment to be made on the land when it fell due, and demand a title, and where they had remained in possession of the land for thirty years, but made no effort to perfect their title or to rescind the contract. “If, under such circumstances, they can be made reasonably secure in the title, justice seems to say that they ought to be compelled to take it. and pay the residue of the purchase money.”
Cloud on Title. — A court of equity will not decree a sale of land for the payment of the purchase money, whilst there is a cloud upon the title. But if the cloud is removed before the hearing, the vendor is entitled to a decree for the sale. Peers v. Barnett, 12 Gratt. 410, and note.
Appointment of Commissioner to Hake Sale. — It is not error to appoint the counsel of the plaintiffs, there beingno objection to him personaliy, commissioner lo make the sale, nor is it error to refuse to associate with him one of the counsel of the purchaser. Goddin v. Vaughn, 14 Gratt. 102.
Payment to Be Hade in Installments. — Where a suit is brought in equity for the specific performance of an agreement for the sale of a tract of land, which provides that payment should be made in installments, by the giving of bonds, the decree should not direct a sale of the entire tract of land, and the proceeds applied to the payment of the deferred installments as well as those then due; but the purchaser should be directed to execute the bonds as agreed, and a vendor’s lien retained on the land for their payment. Watts v. Kinney, 3 Leigh 272, 23 Am. Dec. 266.
5.Damages in Lieu of Specific Performance.
a. In Generul. — lt is now a settled rule, that a court of equity, even where specific performance is refused will decree the purchaser compensation, *652 It will do so where there is no adequate remedy at law, where some peculiar equity intervenes; it will do so to prevent multiplicity of suits, and where it has obtained jurisdiction of the case on other grounds. Where the bill is framed with a double aspect and contains a prayer for alternative relief, if the court is unable to execute the contract, it will go on to decree the repayment of the purchase money. But there may be cases in which the conduct of the purchaser is such as to preclude him from all relief in the equity forum. Stearns v. Beckham, 31 Gratt. 379; Anthony v. Leftwich, 3 Rand. 238; Payne v. Graves, 5 Leigh 561; Bowles v. Woodson, 6 Gratt. 78; McComas v. Easley, 21 Gratt. 23; Nagle v. Newton, 22 Gratt. 814.
"The rule laid down by an eminent writer and supported by abundant authority, is, that when th e substance of the agreement can be fully executed, and when a trifling adjustment only is needed to satisfy the equities of the case, performance may be decreed with satisfaction. If, however, the default of the plaintiff goes to the substance of the agreement, or if there be some things which he is bound to do and cannot do, or has not done, and the court cannot compel him to' do it, equity will not decree specific execution in his favor. 3 Parsons on Contracts 402, 407-8; Harvie v. Banks, 1 Rand. 408; Pigg v. Corder, 12 Leigh 69.” Cox v. Cox, 26 Gratt. 305.
• b. Power Ancillary — Assessment of Damages. — Itiswell settled that as ancillary to its authority to decree specific performance, a court of equity may award damages for a breach of the contract, to be assessed either by an issue of Quantum damnificatus, or by a master at its discretion. Grubb v. Starkey, 90 Va. 831, 20 S. E. Rep. 784; Nagle v. Newton, 22 Gratt. 814 ; Campbell v. Rust, 85 Va. 653, 8 S. E. Rep. -664 ; Ewing v. Litchfield, 91 Va. 575, 22 S. E. Rep. 362; Ayres v. Robins, 30 Gratt. 105, 118.
Where a court of equity has jurisdiction to decree specific performance of a contract in part, it will award damages for the breach of so much of it as cannot be specifically executed, and not turn the party round to his remedy at law. Chinn v. Heale, 1 Munf. 63.
The doctrine on this subject is now well settled and may be succinctly stated to be- thus: "That where the court of chancery has jurisdiction of the case, and where it is a case proper for specific performance, it may, as ancillary to specific performance, decree compensation or damages; and where the ascertainment of damages is essential, in order to do complete justice between the parties in the case before it, the court ought not to send the parties to another forum to litigate their rights; but should refer the matter to one of its own commissioners, or direct an issue quantum damnificatus to be tried atitsownbar. 2 Story, Eq. Ed. 1866, §§798-9, and note\ Pry on Specific Performance, second Am. Ed. p. 448.” Nagle v. Newton, 22 Gratt. 821.
Adequate Remedy at Law. — But it is well settled that a chancery court will not ascertain and award damages in any case where specific performance or other equitable relief would be improper, or where there is an adequate remedy at law. Campbell v. Rust, 85 Va. 653, 8 S. E. Rep. 664; Nagle v. Newton, 22 Gratt. 814, compared and distinguished.
Inability to Perform. — When the contract is clearly proven, and the only objection to a decree for specific performance is the inability of the defendant to comply, a court of equity will usually ascertain and decree the damages to which the plaintiff is entitled by reason of the defendant’s breach. This is on the ground that when equity has obtained jurisdiction it will do complete justice, and prevent a multiplicity of suits. But where the plaintiff knew when he sued that specific performance was impossible no recovery of damages can be had. The reason is that a court of law can give him as complete and the same remedy as the court of equity can give. Jones v. Tunis, 99 Va. 220, 37 S. E. Rep. 841.
Plaintiff Knows Specific Performance Is Impossible.— Thus, where the plaintiff at the time he filed abill for specific performance of an agreement to transfer corporate stock knew that the stock did not belong to defendant, but to a partnership of which he was a member, and that the specific performance was impossible, equity, on refusing specific performance, will not retain jurisdiction to award plaintiff damages, but will leave him to his remedy at law. Jones v. Tunis, 99 Va. 220, 37 S. E. Rep. 841.
6. Damages in Addition to Specific Performance. — Where a plaintiff sues in chancery for a conveyance of a specific tract of land and also for a conveyance of other lands to make up his deficiency of quantity, but according to the contract, he appears entitled to compensation in money, and not in lands, the court, after decreeing the conveyance of the tract of land (the deficiency, and the sum to be allowed for it, being ascertained), will go on to decree the compensation, without turning over the party to a court of law. Chinn v. Heale, 1 Munf. 63. See ante, "Damages in Lieu of Specific Performance,” and cases cited.

a. Compensation.

Compensation for Delay. — Whére a bill was filed to compel defendants to specifically perform a contract, and asking for damages occasioned by a delay in carrying out their agreement, but subsequently, they completed their contract, and the court directed its commissioners to ascertain the amount of damages, it was held that such subsequent, voluntary completion of the contract by the defendants could not oust the jurisdiction of the court which was once acquired, and that they would proceed to a complete adjudication, even to the extent of establishing legal right and granting legal remedies. Grubb v. Starkey, 90 Va. 831, 20 S. E. Rep. 784, citing Walters v. Farmers’ Bank, 76 Va. 12.
Compensation for Injuries by Plaintiff. — A decree requiring a vendee specifically to perform his contract may award to him compensation for injuries caused by the vendor. Nagle v. Newton, 22 Gratt. 814.
Compensation for Obtaining Patent to Land. — In a written agreement for the sale of land, it was described as a tract which had escheated to the commonwealth, and by the commonwealth had been given to the vendor, who stipulated to make compensation, if a better title than his should thereafter be established. The title of the vendor appearing to be such as described, on a bill in his behalf for specific performance, the purchaser was not allowed compensation for locating and obtaining a patent for part of the land as waste and unappropriated, but was decreed to release his claim under the patent, before the vendor should be compelled to make him a deed, and a stipulation conforming to the agreement, was directed to be inserted in such deed. Legrand v. Hampden-Sidney College, 5 Munf. 324.
Account of Rents, Issues and Profits. — The vendee is entitled to have, if he elects it, an account of the rents, issues and profits of the land, and to have them set off against the purchase money ; or if he *653 elects to waive an account, he shall not pay interest on the purchase money. White v. Dobson, 17 Gratt. 262.
Vendee Using Vendor’s Name to Recover Rents. — -In a decree for specific performance of a contract for the sale of land, liberty should be reserved to the vendee to use the name of the vendor to recover rents, in arrears from lessees of the land, which became due between the date of the contract and the deed. Hundley v. Lyons, 5 Munf. 342, 7 Am. Dec. 685.
Vendee Credited with Improvements. — In a suit for specific performance by the vendees, where performance is denied, in adjusting the equities between the vendor, who has made improvements believing he had the just claim, and the defendant, the court of chancery will adopt the rule prescribed by the Code in actions of ejectment, and will estimate against the vendee the annual value of such part of the land as was in a state fit for use at the time he took possession, and will credit him with the value of his improvements, and will not charge him for the use of his improvements, nor for the use of any part of the land cleared by him. Fishack v. Ball, 34 w. Va. 644, 12 S. E. Rep. 856.
Compensation for Wife’s Refusal to Join in Convey» anee. — A court of equity will not decree a specific performance by a husband and wife for the sale of the wife’s land, at the suit of the vendee, the wife refusing to execute the contract, nor will the court compel the husband to convey his life estate to the •vendee, with compensation for the failure of the wife to convey her interest in the land. Clarke v. Reins, 12 Gratt. 98, and note.
(i) Compensation for Deficiency. — Where a purchaser cannot get a title to all he contracted for, if he can get a substantial inducement to the contract, he may insistupon, or he may be compelled to accept, a title to so much as the other party can give a good title to, with a reasonable compensation for what the party cannot effectually convey, or an abatement of the purchase money for the deficiency. Evans v. Kingsberry, 2 Rand. 120, 14 Am. Dec. 779; Morgan v. Brast, 34 W. Va. 332, 12 S. E. Rep. 710; Creigh v. Boggs, 19 W. Va. 241. Compare Foley v. McKeown, 4 Leigh 627.
Part Claimed by Others — Equity will not require a vendee, who has purchased by writing requiring deed of general warranty, to pay all the purchase money, when a part of the land sold is - claimed by others, and the title thereto is defective. If the purchaser can show clearly that the title is defective, equity will not require him to pay the purch ase money until such defect is removed, or proper abatement is decreed, if the vendee insists on having as much as he can have under the good title. Heavner v. Morgan, 30 W. Va. 335. 4 S. E. Rep. 406.
Title to One of Two Parcels Bad. — There being two parcels of land embraced in the contract, each at a specific price, if the vendor can make a good title to but one parcel the vendee is entitled to have a conveyance of that parcel, and accept it, in full satisfaction of the contract. White v. Dobson, 17 Gratt. 262.
Abatement of Purchase Price for Deficiency. — Where the vendor sold to the vendee a tract of land supposed to contain 300 acres, more or less, at a stated price per acre, but a certain part containing 20 acres of average value was held by title paramount, leaving abalance ascertained by survey of 234 acres, the vendor is, notwithstanding the deficiency, entitled to specific performance as against the vendees, with abatement of the purchase money at the contract price for the land lost. Morgan v. Brast, 34 W. Va. 332, 12 S. E. Rep. 710.
Title to Insignificant Part Bad.-A written contract for the sale of land will be specifically enforced, at the instance of the vendor, though he is unable to make title to an insignificant part of the land of no peculiar value to the vendee, the court requiring the vendor to make compensation for the land lost by abating its value from the purchase money. Creigh v. Boggs, 19 W. Va. 241. But see opinion of Carr, J., in Jackson v. Ligón, 3 Leigh 161.
Sale in Gross. — But in Foley v. McKeown, 4 Leigh 627, a house and lot in town was advertised for sale at auction, being described as containing nearly two acres; the auctioneer at the’sale states that there are nearly two acres, but points to the enclosure of the lot as containing the land he proposes to sell. Upon a bill for specific execution by the vendor against the vendee, the court held that specific execution was rightly decreed, though the lot in fact contained only one acre and twelve poles, basing their decision on the ground that this was a sale in gross; and the vendee was held not to be entitled to any abatement in the price for such deficiency.
Rule by Which Abatement Made. — Where a vendor sold 2,000 acres of land to a vendee at the price of 50,000 dollars, but conveys, by mistake to the vendee, 39 acres of land for which the, vendor has no title, it was held, in a suit in equity to recover the purchase money, that the circuit court should decree a specific execution of the contract, where it is possible to do so; and that where such specific execution cannot be, decreed, the court should .decree an abatement, according to the contract price of the purchase, or at the rate of 25 dollars per acre, and not according to the relative value of the 39 acres. Stockton v. Union Oil & Coal Co., 4 W. Va. 273.
7. Alternative and Conditional Decrees.— Where specific performance of an agreement cannot be decreed for want of evidence, which the defendant, being in contumacy, ought to disclose, the court may decree a sum of money against him conditionally, for the purpose of compelling the production of such evidence; and, in the event of his not producing it, the defendant will have his election, either to pay that sum, or to perform the agreement specifically; yet, if the defendant, in obedience to the court’s order, does produce evidence, which, though not entirely satisfactory to the plaintiff, is accepted by him, the court ought not, thereupon, to limit the plaintiff’s recovery to the sum of money so decreed, but should proceed to decree a specific performance. Ross v. Hook, 4 Munf. 97; Hook v. Ross, 1 H. & M. 310.
Alternative Relief. — If an answer in a suit to enforce performance of a parol contract sets up a different contract from that stated in the bill and the evidence sustains the answer, the court may either dismiss the bill or permit the plaintiff to elect whether he will have the contract rescinded, or enforced as proved. McComas v. Easley, 21 Gratt. 23, and note.
On a bill in equity for specific performance of an agreement, the court ought not, in lieu thereof, to decree a sum of money absolutely, but may conditionally ; giving* the defendant his election, either to pay the money, or to perform the agreement specifically. Hook v. Ross, 1 H. & M. 310.
8. Decree Must Conform to Pleadings and Proof.
*654 Decree Broader Than Contract. — Where the contract for the purchase of land provided that the purchase money was to he paid "in eight per cent, preferred stock” of the defendant railroad company, a decree requiring the company to issue and deliver in payment of the purchase money its stock Guaranteed to pay eight per cent, thereon, is erroneous. Dickinson v. R. Co., 7 W. Va. 390. See generally, monographic note on "Decrees” appended to Evans v. Spurgin, 11 Gratt. 615.
Where the vendor contracts to convey land to the vendee with general warranty upon payment of the purchase monej, it is error to decree a conveyance with special warranty only upon such payment. The form of warranty ordered should have been that prescribed by the contract. Adkins v. Edwards, 83 Va. 300, 2 S. E. Rep. 435.
9. Prayer eor Relief.
Relief under Prayer for General Relief. — Under a prayer for general relief, the plaintiffs may be entitled to a decree for specific performance of the stipulations in the deed, although not prayed for specifically or under a general prayer; the court may execute tbe agreement by making the debt a charge on the land and ordering the sale of the land if the debt be not paid by a given time. Shenandoah Val. R. Co. v. Dunlop, 86 Va. 346, 10 S. E. Rep. 339; Matthias v. Warrington, 89 Va. 533, 16 S. E. Rep. 663; Parrill v. McKinley, 9 Gratt. 1; Belton v. Apperson, 26 Gratt. 207.
No Prayer for Relief in Bill to Enforce Award. — A bill in chancery which makes out a case for a specific execution of an award, but does not pray for general or special relief, is sufficient, if no objection be taken by the defendant, and he answers on the merits of the complaint, and submits himself to the decree of the court. Smith v. Smith, 4 Rand. 95.
Specific Performance Not Prayed for Specifically. — It has been held that where the bill prays for the reformation of a deed, and also contains a prayer for general relief, specific performance may be granted under the prayer for general relief although not prayed for specifically. Shenandoah Val. R. R. Co. v. Dunlop, 86 Va. 346, 10 S. E. Rep. 239.
Usual Prayer in Vendor’s Bill. — In a bill by a vendor it is usual to pray that the contract of sale be specifically executed, that the defendants be .compelled to pay the unpaid purchase money, or, in default of such payment, that the land be sold to pay it, and for general relief. Vaught v. Cain, 31 W. Va. 424, 7 S. E. Rep. 9.
10. Performance of Decree. — Where in a suit for specific performance, the court directs the purchase money to be invested in trust for the widow and children of the vendor, the cause may afterwards be reinstated for the purpose of carrying its decree into effect, or avoiding a multiplicity of suits, though the original plaintiff has no interest in these matters. Ward v. Punsten, 86 Va. 359, 10 S. E. Rep. 415.
A decree in chancery, declaring the court’s opinion that the agreement for the sale of a tract of land should be specifically performed by both of the parties, and directing the vendee to execute a mortgage of the same land to secure the purchase money, is to be understood, as requiring the vendor, in the first place, to make a title to it. Mayo v. Purcell, 3 Munf. 343.
11. Costs. — Where the vendee was not in default when the suit was commenced, he is entitled to a decree for his costs, although a specific performance is decreed. Peers v. Barnett, 12 Gratt. 410. See generally, monographic note on “Costs” appended to Jones v. Tatum, 19 Gratt. 720.
IX. EVIDENCE.
Burden of Proof. — In a suit for the specific performance of a contract the burden is on the plaintiff who alleges its existence, to prove the same by clear and distinct evidence. Rockecharlie v. Rockecharlie, 2 Va. Dec. 582; McCulley v. McLean, 48 W. Va. 635, 37 S. E. Rep. 559; Augsburg Land & Imp. Co. v. Pepper, 95 Va. 92, 27 S. E. Rep. 807.
And where the evidence is not only unsatisfactory and insufficient, but the agreement is one the defendant was unlikely to make, the bill should be dismissed. Rockecharlie v. Rockecharlie, 2 Va. Dec. 582.
Proof of Contract by Agent. — It is settled that in a case where the plaintiff sues for specific execution of the purchase of land alleged to have been made from the agent of the owner, he must show, by evidence which is clear, competent, direct and sat-' isfactory, both the terms of the contract and the authority of the agent, or a ratification of the principal. Simmons v. Kramer, 88 Va. 411, 13 S. E. Rep. 902; Blair v. Sheridan, 86 Va. 527, 10 S. E. Rep. 414.
Nonappearance of Principal’s Name. — Where a defendant, a nonresident, employed an agent to negotiate for him the purchase of certain lots, and such agent purchased them in his own name, though really for the defendant, on the terms acquiesced in by him, which included the payment of $500 cash to be forfeited in case of default, but the defendant .afterwards refused to complete the purchase, it was held in a suit for specific performance, aided by attachment in equity, that the nonappearance of defendant’s name in the contract of sale was no defence. Waddill v. Sebree, 88 Va. 1012, 14 S. E. Rep. 849.
Contract for Sale of Land. — Where a vendee claiming specific execution of a contract for the sale of lands, proves that there was a contract, but does not prove the terms of it, the instrument being alleged to be lost, and the heir and devisee of the vendor, by deed, which does not pass the title, acknowledges that the vendee is entitled to the land, this is enough to show his right to specific execution, in a contest between the vendee and third persons. Allen v. Smith, 1 Leigh 231.
Evidence to Resist Decree. — In suits for specific performance of contracts in courts of equity, such courts will allow the defendant to defend himself by evidence to resist a decree, where the plaintiff could not always be permitted to establish his case by like evidence. Abbott v. L’Hommedieu, 10 W. Va. 677.
Parol Evidence to Prove Written Agreement. — On a bill to compel the specific performance of a written agreement, if the defendant, in his answer, denies that interpretation of the agreement which appears obvious according to its words, parol evidence is admissible, on the part of the complainant to explain it. Coutt v. Craig, 2 H. & M. 618.
, Collateral Circumstances. — Collateral circumstances attending an agreement may be gone into, in every case, by a defendant who resists the specific execution of an agreement. Ratcliffe v. Allison, 3 Rand. 537.
Presumption as to Deed from Long Possession. — In a case where possession had been taken under a deed and the deed destroyed accidentally, the possession continuing for many years was held to create a presumption in favour of the deed against the grantor’s *655 creditors, and specific performance' was decreed. Wade t. Greenwood, 2 Rob. 474, 40 Am. Dec. 759.
Admissions by Vendee. — Where the vendee admits in his evidence that he promised to pay a third party seventy-five dollars for the vendor, in addition to the sum stated in the contract, then the vendee should he required to pay it before specific execution is decreed, though this is not stated in the contract or noticed in the pleadings. Talley v. Robinson, 22 Gratt. 888.
Answer as Evidence. — The fact that the answer is disproved as to some facts which are denied, does not destroy the weight ascribed to it by law in respect to other facts, as to which it is not disproved by the required amount of evidence. Broughton v. Coffer, 18 Gratt. 184, and note.
Proof of Gift of Land Held Insufficient. — An agreement by a decedent to give to the plaintiff, a negress,- and his natural child, $10,000 and 20 acres of land, in consideration that the plaintiff should keep house for him during his life, is not sufficiently shown by the testimony of the plaintiff, corroborated by that of two negro witnesses to the alleged agreement, who at the time of the agreement were only thirteen and fifteen years old, and by the testimony of a negro, that the decedent, when he returned with plaintiff told him of the agreement; where the other evidence showed that the decedent paid regular wages to the plaintiff while she worked for him; that the plaintiff during the twenty-three .years she lived with decedent, never mentioned the agreement to any one, and that after decedent’s death she spoke of her luck in having received from decedent, before his death, a deed to a small house and lot, as otherwise she would have received nothing;'and that a negro man and woman who were present at the time of the alleged agreement, and who were shown to have been of good character, were not called as witnesses. Hannah v. Woodson, 2 Va. Dec. 442.
Proof Held Sufficient to Support Bill. — Plaintiff, being indebted to a building and loan association under a deed of trust, agreed orally that the association should take the property under the deed in satisfaction of the debt. Plaintiff vacated the premises shortly thereafter, and .left the state, making no claim to the premises or to the rents, and paying no taxes thereon for a period of five years. In the meantime the association took possession, and sold the property, with the knowledge of the plaintiff, who made no objection. The association made no demand on the plaintiff for dues or interest or payments on the debt, but removed his name from the roll of stockholders. Held, that the evidence was sufficient to support a decree against the plaintiff for specific performance of the contract of sale to the association. Franklin v. Salem Bldg. Ass’n, 2 Va. Dec. 395.
Proof Held Sufficient. — In a suit by a railroad company to"compel specific performance of a contract to convey a right of way over defendant’s farm, defendant testified that the contract exhibited with plaintiff’s bill was not a true copy of that actually made, in that it had reference to a later survey, wherein the right of way to be granted was fixed in the original by a former one, which, by his own testimony, consisted merely in the engineer’s walking over the land, and suggesting a line, which defendant marked on the fence with his knife. Plaintiff’s engineer testified that but one survey was made, which was that specified in the contract exhibited by plaintiff, and that, after defendant had examined the survey, he signed a contract of which by the testimony of-the notarywho acknowledged it and the clerk who copied it, the contract exhibited by the plaintiff was a literal copy. It was further proved that the original contract had been lost after it was copied. The court held, upon the above facts, that the correctness of the contract exhibited by the plaintiff was sufficiently shown, and that specific performance should be decreed according to its terms. Ohio River R. Co. v. Sehon, 33 W. Va. 559, 11 S. E. Rep. 18.